J-S20035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM SCOTT RITTER JR. :
:
Appellant : No. 3333 EDA 2016

Appeal from the PCRA Order October 6, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002238-2009

BEFORE: BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.: **FILED SEPTEMBER 12, 2017**

William Scott Ritter, Jr., appeals, *pro se*, from the order entered October 6, 2016, in the Monroe County Court of Common Pleas dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Ritter seeks relief from judgment of sentence of an aggregate term of 18 to 66 months' imprisonment imposed October 26, 2011, following his jury conviction of, *inter alia*, indecent exposure and three counts of unlawful contact with a minor, based upon sexually explicit communications he had with a police detective who was posing as a 15-year-old female.  On appeal, Ritter contends the PCRA court abused its discretion when it failed to consider newly discovered evidence that would

_____

[1] 42 Pa.C.S. §§ 9541-9546.

have precluded the Commonwealth from presenting evidence of Ritter's prior arrests for similar crimes in New York state. Because we conclude Ritter is no longer eligible for PCRA relief, we affirm.

The facts underlying Ritter's arrest and conviction are well known to the parties, and were summarized by a panel of this Court in the memorandum decision affirming Ritter's sentence on direct appeal. ***See Commonwealth v. Ritter***, 91 A.3d 1273 [975 EDA 2012] (Pa. Super. 2013) (unpublished memorandum). Therefore, we need not reiterate them herein. The following facts, however, are relevant to the issues raised on appeal:

> Prior to trial, the Commonwealth uncovered information, via a Google search, of Ritter's prior arrests from online sex sting operations in New York. The public internet search yielded news articles reporting that, in April 2011, Ritter communicated online in a chat room with an undercover police officer posing as a 14–year–old female and arranged to meet the "girl" at a local business in Albany. Ritter arrived at the designated location and was questioned by the authorities; however, he was released without any charges being filed. Two months later, Ritter was again caught in the same kind of sex sting after he tried to lure what he thought was a 16–year–old female to a fast food restaurant. Ritter was subsequently charged, but the Albany District Attorney placed the case on hold.

> Upon discovery of the publicly available articles regarding Ritter's prior engagement in internet sex stings, the Commonwealth requested and later received copies of those records from the Albany County District Attorney's Office. The Commonwealth provided Ritter with copies of the records in compliance with Pa.R.Crim.P. 573. Unbeknownst to the Commonwealth, the New York state records were sealed at the time they were forwarded to the Commonwealth, prompting the Commonwealth to return the records to the Albany County District Attorney's Office. A petition to unseal the records was

subsequently filed and granted by the trial court in Albany County[.][1]

_____

[1] Ritter filed a motion to vacate the order entered unsealing the record in Albany County which was denied. Ritter then appealed that decision to the Supreme Court of the State of New York, Appellate Division.

_____

Thereafter, the Commonwealth filed a notice of prior bad acts as well as a motion *in limine* seeking to introduce the New York arrest records at trial. In response thereto, Ritter filed a motion for dismissal/change of venue as well as a motion *in limine* seeking to preclude this evidence. The trial court held a hearing on the motions. At the hearing, the Commonwealth's exhibits, consisting in part of the New York arrest records, were admitted under seal. After the hearing, the trial court entered an order and accompanying opinion granting the Commonwealth's motion *in limine,* permitting evidence of Ritter's prior bad acts in New York to be admitted at trial.

Following a jury trial, Ritter was found guilty of all but one count. **Prior to sentencing, the Supreme Court of the State of New York, Appellate Division reversed and vacated the order of the Albany County court unsealing Ritter's records.** Ritter then filed a motion for a new trial pursuant to Rule 704(B) or in the alternative to postpone sentencing. The trial court sentenced Ritter on October 26, 2011. At the time of sentencing Ritter made an oral motion for extraordinary relief. After extensive argument regarding the New York records, the trial court denied Ritter's request for a new trial and sentenced Ritter to an aggregate period of 18 to 66 months' imprisonment. Ritter filed post-sentence motions, which the trial court denied.

*Id.* at *2 (emphasis added).

As noted **supra**, Ritter's judgment of sentence was affirmed on direct appeal. On appeal, Ritter argued, *inter alia*, that the trial court erred in failing to grant a new trial when the Supreme Court of New York Appellate Division reversed the Albany County court's order unsealing Ritter's arrest

records.  *See id.* at *3.  The panel determined the information regarding Ritter's prior arrests for internet sex crimes was relevant and its "probative value outweighed any prejudicial effect to Ritter."  *Id.*  Moreover, because the records were "unsealed *at the time* of their production to the Commonwealth … and *at that time* of Ritter's jury trial[,]" the panel concluded the trial court did not err in permitting the Commonwealth to admit the records into evidence.  *Id.* (emphasis in original).  Subsequently, on May 21, 2014, the Pennsylvania Supreme Court denied Ritter's petition for allowance of appeal.  *Commonwealth v. Ritter*, 92 A.3d 811 (Pa. 2014).

On April 6, 2015, Ritter filed a timely, *pro se* PCRA petition, again challenging the trial court's admission of his New York arrest records.  Ritter argued that a February 5, 2015, decision of the Albany County, New York court, precluding any reference to the now-sealed arrest records during his New York state Sexual Offenders Registration Act ("SORA") hearing, must be afforded "full faith and credit" in his Pennsylvania proceedings.  *See* PCRA Petition, 4/6/2015, at 12-18.  By order dated January 14, 2016, the PCRA court denied Ritter's motion without first conducting a hearing.

Ritter filed a timely appeal.  However, both the PCRA court and the Commonwealth asked this Court to remand the matter because the PCRA court failed to provide Ritter with the requisite notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to

Pa.R.Crim.P. 907.  On July 12, 2016, this Court entered a *per curium* order vacating the order denying PCRA relief and remanding for further proceedings.  ***See Commonwealth v. Ritter***, 380 EDA 2016, Order, 7/12/2016.

On August 29, 2016, Ritter requested the PCRA court conduct a ***Grazier***[2] hearing, so that he could continue to proceed *pro se*.  Three days later, Ritter filed a *pro se* petition for an evidentiary hearing.  Thereafter, on September 9, 2016, the PCRA court conducted a ***Grazier*** hearing, and entered an order granting Ritter's request to proceed *pro se*.  Subsequently, on September 15, 2016, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Ritter's petition without first conducting an evidentiary hearing.  Although Ritter filed a 44-page response, the PCRA court entered an order dismissing Ritter's petition on October 6, 2016.  This timely appeal follows.[3]

Before we may address the issues Ritter raises on appeal, we must first determine if Ritter is statutorily eligible for PCRA relief.  Although not addressed by the PCRA court or either party, it is well-established that to be eligible for PCRA relief, a petitioner must prove that **at the time relief is**

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[3] Although the PCRA court did not direct Ritter to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Ritter, nevertheless, filed concise statement on November 2, 2016.

**granted** he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]"  42 Pa.C.S. § 9543(a)(1)(i).  "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief."  ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa. Super. 2016), *appeal denied*, ___ A.3d ___, 2017 WL 2081583 (May 15, 2017).

This Court's decision in ***Plunkett*** is dispositive.  In that case, the defendant filed a timely PCRA petition while on probation following a conviction of theft by deception.  ***See Plunkett***, ***supra***, 151 A.3d at 1109. The PCRA court conducted a hearing on the issues raised in the petition and, in June of 2015, entered an order denying relief.  The defendant subsequently filed a timely appeal.  Thereafter, in January of 2016, while the appeal was pending in this Court, the trial court entered an order terminating the defendant's probationary sentence.  ***See id.***  On appeal, this Court determined the defendant was not entitled to relief because he was no longer serving a sentence for the conviction at issue.  The panel opined: "[W]e find the statutory requirement that a PCRA petitioner be currently serving a sentence is applicable to the instant circumstance where the PCRA court's order was issued while petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal." ***Id.*** at 1113.  ***See also Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013) ("Because individuals who are not serving a state sentence have no liberty

interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest."), *cert. denied*, 134 S.Ct. 1771 (U.S. 2014); **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (finding appellant was no longer eligible for relief on DUI convictions for which he had completed his sentence, but considering collateral claims with regard to conviction of fleeing while DUI), *appeal denied*, 125 A.3d 1201 (Pa. 2015).

Here, Ritter was sentenced to a maximum term of 66 months' imprisonment on October 26, 2011. The sentencing transcript reveals that Ritter was taken into custody immediately following the hearing. **See** N.T., 10/26/2011, at 225. Although, in his post-sentence motion, Ritter requested bail pending appeal, the court denied his request. **See** Order, 3/20/2012. Accordingly, Ritter's sentence expired on April 26, 2017, and he is statutorily ineligible for PCRA relief.[4]

---

[4] In fact, Ritter acknowledged this in two prior filings. **See** Motion for Post-Conviction Collateral Relief, 4/6/2015, at 5 (stating "Petitioner will complete his period of parole on April 2[6], 2017"); Letter to PCRA court dated 8/25/2016, at 1 (requesting the court "expeditiously process" his petition because his "parole expires on April 26, 2017").

Because Ritter is no longer serving a sentence for the convictions that are the subject of this PCRA petition, he is not entitled to PCRA relief, and we affirm the order on appeal.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2017

---

[5] We note that because Ritter was still serving his sentence at the time the PCRA court issued its Rule 907 notice and accompanying opinion, the court addressed the merits of the issues raised on appeal. However, it is well-settled that "we may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016) (quotation omitted).