J-S67023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE D. MURILLO GUTIERREZ, | : | |
| | : | |
| Appellant | : | No. 1356 EDA 2017 |

Appeal from the PCRA Order March 22, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0005835-2015

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 12, 2017**

Jose D. Murillo Gutierrez ("Gutierrez") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court concisely summarized the relevant history underlying this appeal as follows:

> [Gutierrez] was charged on August 14, 2015, with one count of Endangering Welfare of Children - Parent/Guardian/Other Person Commits Offense, 18 Pa.C.S. § 4304(a)(1), after police discovered that he had left his nine-year-old son in an automobile with the engine running on July 26, 2015, while he went into the premises of the Parx Casino in Bensalem Township, Bucks County, Pennsylvania.
>
> On November 13, 2015, [Gutierrez] entered a plea of guilty and was sentenced on the same day to one year of probation.  [Gutierrez] failed to file post-sentence motions or a direct appeal, and *his sentence expired in its entirety on November 13, 2016*. The Bucks County Adult Probation and Parole Department administratively closed [Gutierrez's] case on December 27, 2016.

_____
* Former Justice specially assigned to the Superior Court.

On December 12, 2016, [Gutierrez] filed a [counseled PCRA] Petition alleging ineffective assistance of trial counsel pursuant to **Padilla v. Kentucky**, 559 U.S. 356 (2010), for failing to advise him of the collateral consequences of his criminal conviction on his immigration status. [Gutierrez] alleged in his [P]etition that he first learned of the "harsh immigration consequences to his counseled guilty plea" on June 15, 2016, when he was taken into custody by Immigration and Customs Enforcement ("ICE") and charged with removability as a result of his conviction.[1] [Gutierrez] claim[ed] that he "would not have ple[]d guilty had he known that this plea would result in his mandatory detention in immigration custody and possible deportation from the United States," and[,] because he did not fully understand the consequences of his guilty plea, [Gutierrez] [] requested that he be permitted to withdraw his guilty plea and proceed to counseled plea negotiations and/or trial.

After considering [Gutierrez's] [P]etition, the Commonwealth's response filed on January 25, 2017, and the record, th[e PCRA c]ourt determined that [it] lacked jurisdiction in this matter. [The court] therefore issued a Notice of Intent to Dismiss on January 30, 2017, and then a subsequent Order dismissing [Gutierrez's] request for post-conviction collateral relief on March 22, 2017.

On April 21, 2017, [Gutierrez] filed a Notice of Appeal from [the] Order of March 22, 2017. In accordance with [the PCRA court's] Order of May 5, 2017, [Gutierrez] filed a [Pa.R.A.P. 1925(b)] Statement of [M]atters Complained of on Appeal on May 25, 2017[.]

PCRA Court Opinion, 6/19/17, at 1-2 (footnote and emphasis added).

On appeal, Gutierrez presents the following questions for our review:

I.  Whether th[e] [PCRA c]ourt erred in dismissing [Gutierrez's] [PCRA P]etition … given that [Gutierrez] had completed his

---

[1] Under the Immigration and Naturalization Act, deportation is automatic upon a conviction of a "crime of child abuse [or] child neglect[.]" 8 U.S.C.A. § 1227(a)(2)(E)(i).

sentence, yet equitable tolling applies as (1) his PCRA [P]etition falls within the 42 Pa.C.S.A. § 9545(b)(1)(ii) [and] (iii) exceptions to the one[-]year filing requirement, thus making the petition [*sic*]?

II. Whether [Gutierrez] was denied effective assistance of counsel in regard to the collateral consequence of his negotiated plea, conviction and sentence[,] given that his prior counsel incorrectly advised [Gutierrez] and the court of the law or policy of the United States as it relates to arrest, detention and deportation by the Department of Homeland Security, following criminal conviction[?] ***See Padilla***[, ***supra***].

Brief for Appellant at 4 (issues numbered).

Before we can address the substance of Gutierrez's claims, we must first determine whether the PCRA court lacked jurisdiction to entertain the Petition. To be eligible for PCRA relief, a petitioner must plead and prove:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is[,] at the time relief is granted:

(i) *currently serving a sentence of imprisonment, probation or parole for the crime*;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S.A. § 9543(a)(1) (emphasis added).

In the instant case, Gutierrez does not meet any of the three eligibility requirements in section 9543(a)(1). Gutierrez correctly concedes that his sentence expired in November 2016, prior to his filing the instant PCRA Petition in December 2016. Brief for Appellant at 9. Section 9543(a)(1)(i)

- 3 -

clearly mandates that a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief. ***Id.*** § 9543(a)(1)(i); ***see also Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (stating that "[t]o grant relief at a time when [the petitioner] is *not* currently serving [] a sentence would be to ignore the language of the statute.") (emphasis in original). Moreover, "the PCRA precludes relief for those petitioners whose sentences have expired, *regardless of the collateral consequences* of their sentence." ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) (emphasis added); ***see also Commonwealth v. Descardes***, 136 A.3d 493, 501-02 (Pa. 2016). Accordingly, because Gutierrez was not serving a sentence at the time he filed his PCRA Petition, neither the PCRA court nor this Court has jurisdiction to address it. ***See Commonwealth v. Plunkett***, 151 A.3d 1108, 1110 (Pa. Super. 2016) (collecting similar cases); ***see also Commonwealth v. Lewis***, 63 A.3d 1274, 1281 (Pa. Super. 2013) (observing that "[w]ithout jurisdiction, [a PCRA court] simply do[es] not have the legal authority to address the substantive claims.") (citation omitted).

Furthermore, though we are sympathetic to Gutierrez's plight, we are unable to afford him relief on his claim that he should be "entitled to equitable tolling of the pertinent time periods[,]" such that his filing of the PCRA Petition after his sentence expired should be excused. Brief for

Appellant at 10; *see also id.* at 10-11 (listing reasons why Gutierrez's delay in filing the Petition "was interfered with, and frustrated, by delays not attributable to him."). This Court has explained that "[c]ase law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." *Plunkett*, 151 A.3d at 1109; *see also Lewis*, 63 A.3d at 1279 (stating the general rule that the PCRA's timeliness requirements are "not subject to the doctrine of equitable tolling[.]").

Accordingly, we conclude that the PCRA court properly dismissed Gutierrez's PCRA Petition for lack of jurisdiction.

Order affirmed.

President Judge Gantman joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017

- 5 -