J-S01015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RAMON VASQUEZ, | : | |
| Appellant | : | No. 1132 MDA 2017 |

Appeal from the PCRA Order June 19, 2017
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0004704-2013

BEFORE: GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 21, 2018**

Ramon Vasquez ("Vasquez"), *pro se*, appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 15, 2014, a jury found Vasquez guilty of flight to avoid apprehension, trial or punishment, as well as two summary offenses. On April 29, 2014, the trial court imposed an aggregate sentence of nine months to two years in jail. This Court subsequently affirmed Vasquez's judgment of sentence.[1] *See Commonwealth v. Vasquez*, 144 A.3d 208 (Pa. Super. 2016) (unpublished memorandum). Vasquez did not seek allowance of appeal.

---

[1] The court of common pleas had previously granted Vasquez the right to file a direct appeal, *nunc pro tunc*, in response to a PCRA Petition that he filed in November 2014.

Vasquez filed the instant *pro se* PCRA Petition on February 2, 2017, after which the PCRA court appointed Vasquez counsel. Counsel thereafter filed a "no-merit" letter requesting leave to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel permission to withdraw.

In May 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Vasquez's PCRA Petition without a hearing. In response, Vasquez filed a *pro se* Petition for Writ of *Coram Nobis* (hereinafter, the "*Coram Nobis* Petition"), which the PCRA court treated as a response to the Rule 907 Notice. On June 19, 2017, the PCRA court entered an Order dismissing Vasquez's PCRA Petition.[2] Thereafter, Vasquez filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Vasquez now presents the following issue for our review: "Whether 42 Pa.C.S.[A.] § 954[3](a)(1)[,] as applied by the [PCRA] court[,] presents a substantive liberty interest upon [Vasquez's] actual innocence to collateral civil and criminal consequences?" Brief for Appellant at 4.

To be eligible for PCRA relief, a petitioner must prove that, at the time relief is granted, he or she is "currently serving a sentence of imprisonment,

---

[2] By a separate Order entered on June 19, 2017, the PCRA court denied the *Coram Nobis* Petition.

probation or parole for the crime[.]"  42 Pa.C.S.A. § 9543(a)(1)(i).  "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief."  ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa. Super. 2016).

As our Supreme Court has explained,

[b]ecause individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest.

***Commonwealth v. Turner***, 80 A.3d 754, 766 (Pa. 2013).

In the instant case, the trial court sentenced Vasquez to nine months to two years in jail.  The effective date of Vasquez's sentence was August 28, 2013.  Thus, at the very latest, Vasquez's sentence in the instant case would have expired on August 28, 2015, approximately 1½ years prior to his filing the instant PCRA Petition.[3]  Because Vasquez is not "currently serving" a sentence for his underlying convictions, he is no longer eligible for relief under the PCRA, ***see*** 42 Pa.C.S.A. § 9543(a)(1)(i), and the PCRA court thus properly dismissed his Petition.  Moreover, in light of our Supreme Court's above-mentioned reasoning in ***Turner***, ***supra***, there is no merit to Vasquez's claim that the PCRA court's application of section 9543(a)(1)(i)

---

[3] Vasquez asserted in his *Coram Nobis* Petition that he completed his sentence on April 29, 2015.

"presents a substantive liberty interest upon [Vasquez's] actual innocence to collateral civil and criminal consequences[.]"  Brief for Appellant at 4.

We additionally note that the PCRA court properly determined that Vasquez is not entitled to *coram nobis* relief.  "The PCRA … subsumes the remedies of *habeas corpus* and *coram nobis*" where the PCRA provides a remedy for the claim.  ***Turner***, 80 A.3d at 770; ***see also*** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including … *coram nobis*.").  Here, Vasquez sought *coram nobis* relief based on a claim alleging that his prior counsel were ineffective.  Because such a claim is cognizable under the PCRA, Vasquez is not entitled to *coram nobis* relief.  ***See Turner***, 80 A.3d at 770.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018

- 4 -