2016 PA Super 268

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRIS PLUNKETT | |
| Appellant | No. 2271 EDA 2015 |

Appeal from the PCRA Order June 19, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004704-2009

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

OPINION BY OTT, J.: **FILED DECEMBER 02, 2016**

Chris Plunkett appeals from the order entered June 19, 2015, in the Court of Common Pleas of Philadelphia County, denying him relief on his petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. The PCRA court reviewed the substance of Plunkett's claim and denied him relief based on lack of merit.[1] However, because he is no longer serving

---

[*] Former Justice specially assigned to the Superior Court.

[1] Plunkett had claimed ineffective assistance of counsel for failure to call character witnesses. The PCRA judge, who sat as the fact finder at trial, denied Plunkett's claim after finding Plunkett suffered no prejudice. The PCRA court reviewed the affidavits of the proposed character witnesses and found the proposed testimony would not have overcome the otherwise overwhelming evidence of guilt. *See* Pa.R.A.P. 1925(a) Opinion, 3/22/2016, at 5-6.

the sentence associated with this petition, Plunkett has lost his standing to seek relief.  Accordingly, we affirm, albeit on different grounds.

Briefly, on September 21, 2010, Plunkett was found guilty of theft by deception, a third-degree felony, at a non-jury trial.  On November 30, 2010, he was sentenced to four years of probation and to pay restitution. His direct appeal afforded him no relief.  The Pennsylvania Supreme Court denied allowance of appeal on August 29, 2013.  Plunkett timely filed the instant PCRA petition on December 11, 2013.  On November 12, 2014, Plunkett's probation was terminated.  However, on December 10, 2014, that order was vacated due to a then pending violation of probation.  Specifically, he had failed to complete restitution payments.  Also on December 10, 2014, Plunkett received an additional one year of probation.  A hearing on Plunkett's PCRA petition was held on March 26, 2015, and the petition was denied on June 19, 2015.  On July 7, 2015, Plunkett filed his notice of appeal regarding the denial of his PCRA petition.  On January 21, 2016, having fully paid restitution, Plunkett's probationary sentence was terminated by order of Judge Robert P. Coleman.  *See* Docket.  The certified record was then transmitted to our Court on March 22, 2016.

The statutory requirements for eligibility for post-conviction collateral relief are set forth at 42 Pa.C.S. § 9543, which states, in relevant part:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> > (i) currently serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S. § 9543(a)(1)(i).

Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief.

> Here, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (emphasis in original).[2]

_____

[2] The procedural facts underlying ***Ahlborn*** are as follows:

> On May 4, 1990, the appellant, Clarence A. Ahlborn, pled guilty to three counts of driving under the influence (DUI) and one count of accident resulting in death or injury. Appellant was sentenced to forty-eight hours to twenty-three months on the first DUI count, a concurrent term of thirty days to twenty-three months on the second DUI count, a consecutive term of four to twenty-three months on the third DUI count, and a concurrent term of thirty days to twenty-three months on the accident resulting in death or injury count. On May 24, 1990, appellant filed a pro se motion to withdraw his guilty plea. A hearing on the motion was scheduled, but, for reasons not apparent on the record, the motion was never adjudicated. On December 9, 1993, appellant filed a *pro se* PCRA petition. Subsequently, counsel was appointed and an amended petition was filed on January 25, 1994. The petition alleged that appellant was misled

*(Footnote Continued Next Page)*

The general proposition that a petitioner must be currently serving the sentence for the crime has been applied in numerous PCRA cases. **See** **_Commonwealth v. Turner_**, 80 A.3d 754 (Pa. 2013); **_Commonwealth v. Stultz_**, 114 A.3d 865 (Pa. Super. 2015); **_Commonwealth v. Williams_**, 977 A.2d 1174 (Pa. Super. 2009); **_Commonwealth v. Pagan_**, 864 A.2d 1231 (Pa. Super. 2004); and **_Commonwealth v. Hayes_**, 596 A.2d 195 (Pa. Super. 1991) (_en banc_). All of these cases differ from the instant case in that, similar to **_Ahlborn_**, the petitioner had served the sentence prior to any PCRA hearing or order disposing of the PCRA petition. Here, Plunkett completed his sentence after the PCRA hearing and order denying him relief, as well as after filing his notice of appeal, but prior to the transmittal of the certified record to this Court. Our review of case law leads us to conclude this difference does not negate the applicability of the statutory language of Section 9543(a)(1)(i) to this case.

_(Footnote Continued)_ _____

as to the nature and consequences of his plea. It also alleged that he was never afforded a hearing on the motion to withdraw his plea.

A PCRA hearing was scheduled for February 17, 1994. On February 14, 1994, however, appellant finished serving his sentence. He was unconditionally released from prison. The scheduled hearing was then continued, and, on June 8, 1994, the PCRA petition was dismissed on the ground that appellant was no longer eligible for relief. The court reasoned that relief is available only to persons still serving sentences of imprisonment, probation, or parole.

**_Id_**. at 719.

- 4 -

Additionally, we note that in **Ahlborn**, our Supreme Court framed the question before it as follows: "At issue is whether one who has filed a PCRA petition while serving a sentence of imprisonment remains eligible for relief in the event that, prior to any final adjudication of the petition, he is released from custody." **Id**. at 719. The term "final adjudication", although not defined in the opinion, implies the petitioner must be serving the relevant sentence throughout the PCRA process, including any appeals. We also note that had the Supreme Court intended to limit the scope of the question before it, it could have explicitly done so, but it did not.[3] We therefore believe there is, at minimum, a strong inference in **Ahlborn** that the section 9543(a)(1)(i) requirement applies throughout the appellate process.

We take additional guidance from **Commonwealth v. Turner**, **supra**, which provides a detailed analysis of the application of section 9543(a)(1)(i) and due process. Ultimately, **Turner** determined, because the petitioner's liberty interest was no longer affected after his or her sentence was completed, there was no due process violation in denying relief when the PCRA petition had been filed in a timely manner, but the sentence expired

---

[3] For example, the Supreme Court could have framed the question as: "At issue is whether one who has filed a PCRA petition while serving a sentence of imprisonment remains eligible for relief in the event that, prior to the PCRA court's determination [rather than "final adjudication"], he is released from custody."

prior to any adjudication. The **_Turner_** decision begins its analysis acknowledging,

> Eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime. 42 Pa.C.S. § 9543(a)(1)(i); **_Ahlborn_**, 699 A.2d at 720 (holding that the plain language of this section requires the denial of relief for a petitioner who has finished serving his sentence).

**_Turner_**, 80 A.3d at 761-62.

> The **_Turner_** Court further reasoned,

> In the collateral review context, the United States Supreme Court has held that although "states have no constitutional obligation to provide a means for collaterally attacking convictions," **_Commonwealth v. Haag_**, 570 Pa. 289, 809 A.2d 271, 283 (2002) (*citing* [**_Pennsylvania v._**] **Finley**, 481 U.S. [551] at 557, 107 S.Ct. 1990 [95 L.Ed.2d 539 (1990)]), if they do, "then such procedures must comport with the fundamental fairness mandated by the Due Process Clause." **_Id_**.; **_Finley_**, 481 U.S. at 557, 107 S.Ct. 1990. In this regard, states have "substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review." **_Finley_**, 481 U.S. at 559, 1078 S.Ct. 1990. When a state choses to offer help to those seeking relief from convictions and custody, due process does not "dictat[e] the exact form such assistance must assume." [**_Dist. Attorney's Office for the Third Judicial Dist. v._**] **_Osborne_**, 557 U.S. [52] at 69, 129 S.Ct. 2308 [174 L.Ed.2d 28 (1009)] (*citing* **_Finley_**, 481 U.S. at 559, 107 S.Ct. 1990). Moreover, states need not provide post-conviction petitioners with "the full panoply of procedural protections that the Constitution requires be given to defendants who are in a fundamentally different position-at trial and on first appeal as of right." **_Finley_**, 481 U.S. at 552, 107 S.Ct. 1990. Indeed, the United States Supreme Court has stated that post-conviction petitioners "have only a limited interest in post-conviction relief." **_Osborne_**, 557 U.S. at 69, 129 S.Ct. 2308. To deny due process, the complained-of aspect of the state post-conviction procedures must be "fundamentally inadequate to vindicate" the defendant's liberty interest, and must offend "some principle of justice so rooted in the traditions and conscience of our people as to be

ranked as fundamental" or transgress "any recognized principle of fundamental fairness in operation." ***Osborne***, 557 U.S. at 69, 129 S.Ct. 2308 (internal citations omitted).

***Turner***, 80 A.3d at 764.

Accordingly, the denial of relief to a petitioner who was no longer serving a sentence, even when the PCRA process had begun in a timely manner, was not constitutionally infirm. ***Turner*** stated:

> We agree with the Commonwealth that due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence. Analogously, because the common law and statutory writ of *habeas corpus* in federal court challenges the basis of criminal conviction and custody, it requires that a petitioner be in custody before *habeas* jurisdiction can attach. ***Preiser v. Rodriguez***, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (providing that the essence of the common law writ of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody); ***U.S. ex rel. Dessus v. Com. of Pa.***, 452 F.2d 557, 559-60 (3d Cir. 1971) ("the *sine qua non* of federal *habeas corpus* jurisdiction is that petitioner be 'in custody' ..." even as to claims of constitutional dimension: "Thus, custody is the passport to federal *habeas corpus* jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal *habeas* jurisdiction." (emphasis added)). ***See also*** 28 U.S.C. § 2255(a) (extending the right to seek *habeas corpus* relief to "[a] prisoner in custody under sentence" of a federal court); 28 U.S.C. § 2254(b) (extending the right to "a person in custody pursuant to the judgment of a State court"). Accordingly, because Petitioner's liberty is no longer burdened by a state sentence, she has no due process right to collateral review of that sentence.
>
> Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. 42 Pa.C.S. §

9543(a)(1)(i). Of course, the legislature was free to extend a statutory right of collateral review to individuals like Petitioner who had completed their sentence and, had they done so, they would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. *See Evitts v. Lucey*, 469 U.S. 387, 401, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause")[.]

*Turner*, 80 A.3d at 765-66.

*Turner* determined that a PCRA petitioner is not entitled to even a hearing on the PCRA petition once the petitioner's sentence has terminated. Logically, if due process does not require a petitioner be given a hearing or to have the petition ruled on once the sentence expires, then there would be no due process violation in the instant circumstance.

Further, in *Commonwealth v. Stultz*, 114 A.3d 865 (Pa. Super. 2015), Stultz, on July 27, 2011, was given a 48 hour to six month sentence for DUI, concurrent with a one to five year sentence of incarceration for fleeing or attempting to elude a police officer. On January 28, 2013, approximately one year after the expiration of his DUI sentence, Stultz filed his PCRA petition. In reviewing the matter, our Court stated:

We begin by noting that Appellant is no longer eligible for relief with respect to his DUI convictions, having completed serving his sentence for the DUI count for which he was incarcerated. 42 Pa.C.S. § 9543(a)(1)(i); *Commonwealth v. Turner*, 622 Pa. 318, 80 A.3d 754 (2013); *Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718 (1997); *Commonwealth v. Williams*, 977 A.2d 1174 (Pa. Super. 2009); *Commonwealth v. Pagan*, 864 A.2d 1231 (Pa. Super. 2004); *Commonwealth v. Hayes*, 408 Pa.Super. 68, 596 A.2d 195 (1981) (*en banc*). Thus, to the

extent his claims relate solely to the DUI charges, he is not
entitled to relief.

**Stultz**, 114 A.3d at 872.

Even though Stultz was still serving the sentence associated with the petition, he was no longer eligible for relief for the convictions associated with the expired portion of the total sentence.

Finally, our Court's recent decision in **Commonwealth v. Volk**, 138 A.3d 659 (Pa. Super. 2016), is of particular note. In **Volk**, there was an unexplained 21-month delay in the PCRA court that allowed Volk's sentence to expire prior to the PCRA court addressing the substance of the petition. Even though the delay was not attributable to Volk, pursuant to the strict application of section 9534(a)(1)(i), he was not entitled to relief. Instantly, Plunkett's sentence expired before the certified record was transmitted to our Court. Our review of the certified record finds no improper procedural delay in the transmittal of the record to our Court. Nonetheless, we could not have reviewed this case prior to the expiration of Plunkett's sentence.

In light of reasoning found in **Ahlborn**, **Turner**, **Stultz**, and **Volk**, we find the statutory requirement that a PCRA petitioner be currently serving the sentence is applicable to the instant circumstance where the PCRA court's order was issued while petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal.

Because Plunkett's sentence has expired, he is no longer entitled to PCRA relief. Accordingly, we affirm the PCRA court's order of June 19, 2015.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2016