J. S01019/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN KELLY, | : | |
| | : | |
| Appellant | : | No. 928 MDA 2016 |

Appeal from the PCRA Order May 13, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001436-2010

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 08, 2017**

Appellant, Allen Kelly, appeals from the May 13, 2016 Order denying and dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. During the pendency of the instant appeal, Appellant's maximum sentence expired and he became ineligible for relief under the PCRA. We, therefore, affirm.

On June 8, 2011, a jury convicted Appellant of numerous drug-related offenses. On July 13, 2011, the trial court sentenced Appellant to an aggregate term of 40 to 80 months of imprisonment, with credit for 337 days of imprisonment previously served. *See* Order of Sentence, filed 7/13/11; Court Commitment Form State or County Correctional Institution, filed 7/15/11, at 1.

Following a direct appeal, Appellant filed a PCRA Petition, which the PCRA court dismissed on May 13, 2016, finding the Petition untimely. Appellant filed a timely Notice of Appeal to this Court, challenging, *inter alia*, the PCRA court's calculation of the date on which his Judgment of Sentence became final.

Appellant's maximum sentence of 80 months of imprisonment expired on April 11, 2017, while his appeal remained pending before this Court. On May 3, 2017, we issued an Order directing Appellant to show that he is still eligible for relief under the PCRA. On May 25, 2017, Appellant's PCRA counsel filed a response, stating that officials at State Correctional Institution Huntingdon had confirmed that Appellant's maximum sentence expired on April 11, 2017.

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa. Super. 2009); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. ***Commonwealth v. Williams***, 977 A.2d

1174, 1176 (Pa. Super. 2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition."). ***See also Commonwealth v. Plunkett***, 151 A.3d 1108, 1112-13 (Pa. Super. 2016) (affirming the PCRA court's order denying relief where the petitioner's sentence expired while his appeal from the PCRA court's order was pending before this Court).

Appellant's maximum sentence in the instant case expired on April 11, 2017. Appellant has completed his sentence and is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's Order dismissing Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017

- 3 -