J-S35011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEOFFREY STALEY | |
| Appellant | No. 1429 WDA 2016 |

Appeal from the Order August 31, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000493-2015

BEFORE: LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:                **FILED JUNE 28, 2017**

Geoffrey Staley appeals from the order of the Court of Common Pleas of Allegheny County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel has also moved to withdraw his representation. For the following reasons, we affirm.

On September 14, 2015, Staley pled guilty to driving under the influence and various traffic offenses. That same day, he was sentenced to 2 to 90 days of restrictive intermediate punishment ("RIP")/house arrest, plus one year of probation, to run concurrently to the RIP sentence. Staley did not file post-sentence motions or a direct appeal. On March 21, 2016,

_____

[*] Former Justice specially assigned to the Superior Court.

he filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition, alleging ineffectiveness of trial counsel. After a hearing at which the court heard brief argument from both parties, Staley's PCRA petition was dismissed by order dated August 31, 2016. On September 14, 2016, Staley's one year probationary sentence expired. On September 26, 2016, Staley filed a notice of appeal with regard to the dismissal of his PCRA petition, followed by a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Generally, a petitioner must be currently serving a sentence for the underlying crime in order to be entitled to relief under the PCRA. ***See Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013); ***Commonwealth v. Stultz***, 114 A.3d 865 (Pa. Super. 2015). In ***Commonwealth v. Plunkett***, 151 A.3d 1108 (Pa. Super. 2016), we addressed a scenario similar to the case at bar. There, Plunkett filed a PCRA petition during the pendency of his probationary term. A hearing was held, the petition was dismissed, and Plunkett filed an appeal. Thereafter, Plunkett's probation was terminated. This Court did not reach the merits of Plunkett's appeal, instead finding that "the statutory requirement that a PCRA petitioner be currently serving the sentence is applicable . . . where the PCRA court's order was issued while petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal." ***Id.*** at 1112–13.

Similarly, here, Staley is no longer serving his sentence. Accordingly, he is no longer entitled to relief under the PCRA. For that reason, we affirm the trial court's dismissal of his PCRA petition.

Order affirmed. Motion to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/28/2017