J-S67025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CRAIG WOODARD, | : | |
| | : | |
| Appellant | : | No. 2595 EDA 2016 |

Appeal from the PCRA Order September 18, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003472-2009

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 21, 2017**

Craig Woodard ("Woodard") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] The PCRA court reviewed the substance of Woodard's claims and denied him relief based upon a lack of merit.   However, because Woodard is no longer serving the sentence associated with this Petition, he has lost his standing to seek relief.   Accordingly, we affirm, albeit on different grounds.[2]

On July 30, 2009, following a bench trial, the trial court found Woodard guilty of possession of a controlled substance, and possession with

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] "[A]n appellate court may affirm the lower court on any basis, even one not considered or presented in the court below."   ***Commonwealth v. Burns***, 988 A.2d 684, 690 n.6 (Pa. Super. 2009).

_____
* Former Justice specially assigned to the Superior Court.

intent to deliver a controlled substance ("PWID").[3] That same day, the trial court sentenced Woodard to two to seven years in prison for his conviction of PWID.[4] Woodard filed a post-sentence Motion, which the trial court denied. This Court subsequently affirmed Woodard's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Woodard*, 23 A.3d 597 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 26 A.3d 1102 (Pa. 2011).

On September 20, 2012, Woodard filed a *pro se* Petition for relief under the PCRA. Woodard's appointed counsel subsequently filed an Amended PCRA Petition. On July 29, 2014, the PCRA court issued Pa.R.Crim.P. 907 Notice of its intent to dismiss Woodard's Petition without a hearing. Woodard filed a *pro se* response to the PCRA court's Notice. On September 18, 2014, the PCRA court entered an Order dismissing Woodard's PCRA Petition. Thereafter, Woodard filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Before we may address the issues raised on appeal, we must first determine if Woodard is statutorily eligible for PCRA relief. To be eligible for PCRA relief, a petitioner must prove that, at the time relief is granted, he is

---

[3] *See* 35 P.S. §780-113(a)(16), (30).

[4] Woodard's conviction for possession of a controlled substance merged at sentencing.

"currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa. Super. 2016).

As our Supreme Court has explained,

[b]ecause individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest.

***Commonwealth v. Turner***, 80 A.3d 754, 766 (Pa. 2013), ***cert. denied***, 134 S. Ct. 1771, 188 L. Ed. 2d 602 (2014).

In the instant case, the trial court sentenced Woodard to two to seven years in prison. The effective date of Woodard's sentence was July 30, 2009. Thus, at the very latest, Woodard's sentence in the instant case would have expired on July 30, 2016. Because Woodard is not "currently serving" a sentence for his underlying convictions,[5] he is no longer eligible for relief under the PCRA. ***See Plunkett***, 151 A.2d at 1112-13 (concluding that the appellant is no longer eligible for PCRA relief "where the PCRA court's order was issued while petitioner was still serving the required

---

[5] In its brief, the Commonwealth states that Woodard, in fact, finished serving his sentence on February 28, 2016.

sentence, but that sentence terminated prior to the resolution of his appeal."). Accordingly, we affirm the Order of the PCRA court.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017

---

[6] Even if Woodard was eligible for relief under the PCRA, we would affirm the PCRA court's denial of relief, based on the reasons stated in its Opinion. **See** PCRA Court Opinion, 4/13/15, at 4-20.