J-S59034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MCLAUGHLIN | : | |
| | : | |
| Appellant | : | No. 1249 EDA 2017 |

Appeal from the PCRA Order March 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0303571-2006

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED NOVEMBER 21, 2018**

Michael McLaughlin appeals from the order entered March 2, 2017, in the Philadelphia County Court of Common Pleas, dismissing as untimely filed McLaughlin's serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] McLaughlin seeks relief from the judgment of sentence of two to four years' incarceration, followed by three years' probation, imposed on October 30, 2007, following his jury conviction of one count of stalking.[2] On appeal, he argues the PCRA court erred in dismissing his petition as untimely when he established the newly discovered facts exception to the PCRA's timing requirements. Because we find McLaughlin is statutorily ineligible for PCRA relief, we affirm.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2709.1.

The facts and lengthy procedural history underlying this appeal are well-known to the parties, and not necessary to our disposition herein. In summary, as noted above, McLaughlin was convicted of stalking his ex-girlfriend, and sentenced on October 30, 2007, to a term of two to four years' imprisonment, followed by three years' probation. After filing an untimely appeal that was quashed by this Court, McLaughlin was granted permission to file a direct appeal *nunc pro tunc*. A panel of this Court affirmed his judgment of sentence, and, on April 7, 2011, the Pennsylvania Supreme Court denied his petition for review. *See Commonwealth v. McLaughlin*, 22 A.3d 1061 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 20 A.3d 1210 (Pa. 2011). He filed two prior PCRA petitions, in April of 2012, and July of 2014, which were dismissed by the PCRA court. He appealed the dismissal of the April 2012 petition, this Court affirmed in an unpublished memorandum decision, and the Pennsylvania Supreme Court subsequently denied his petition for review. *See Commonwealth v. McLaughlin*, 135 A.3d 651 (Pa. Super. 2015), *appeal denied*, 136 A.3d 980 (Pa. 2016).

Thereafter, on April 19, 2016, the trial court conducted a violation of probation hearing after McLauglin was arrested for another crime. The court revoked his probation and resentenced him to a term of eight to 23 months' imprisonment, with immediate parole, and one year of probation.

McLaughlin filed the present *pro se* PCRA petition on June 3, 2016. Counsel was appointed, and filed an amended petition on August 29, 2016. McLaughlin later requested counsel withdraw, and he be permitted to proceed

*pro se*. The court granted his request following a hearing conducted on February 10, 2017, and subsequently dismissed the petition by order entered March 20, 2017. McLaughlin filed a timely motion for reconsideration, which the PCRA court denied on April 6, 2017. This appeal followed.[3]

On appeal, McLaughlin contends the trial court erred in dismissing his petition as untimely filed. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

Although the PCRA court denied relief because it concluded the petition was untimely,[4] we agree with the Commonwealth that McLaughlin is statutorily ineligible for relief on another basis, namely, he is no longer serving a sentence for this crime. **See** Commonwealth's Brief at 10-11.

It is well-established that to be eligible for PCRA relief, a petitioner must prove that **at the time relief is granted**, he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief."

---

[3] On April 19, 2017, the PCRA court directed McLaughlin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). McLaughlin complied with the court's directive, and filed a concise statement on May 9, 2017.

[4] **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

*Commonwealth v. Plunkett*, 151 A.3d 1108, 1109 (Pa. Super. 2016), *appeal denied*, 169 A.3d 524 (Pa. 2017).

This Court's decision in **Plunkett** is dispositive. In that case, the petitioner was still on probation at the time he filed his PCRA petition and when the court denied relief. **See id.** However, he subsequently completed his probationary term while his appeal was pending before this Court. **See id.** A panel of this Court held the petitioner was not eligible for PCRA relief, opining: "[W]e find the statutory requirement that a PCRA petitioner be currently serving a sentence is applicable to the instant circumstance where the PCRA court's order was issued while petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal." **Id.** at 1113.

The same is true here. McLaughlin's original sentence would have expired on October 30, 2014;[5] however, he was resentenced for a probation violation on April 19, 2016, to a term of eight to 23 months' imprisonment, with immediate parole, followed by one year probation. Our review of the certified record reveals a May 9, 2017, "Gagnon II Summary," filed by adult probation supervisor, John Gonzalez, which states McLaughlin's probation period was scheduled to terminate on June 17, 2018. **See** Gagnon II Summary, 5/9/2017. Accordingly, we requested our Prothonotary's office inquire as to McLaughlin's status from Adult Probation. The probation intake

---

[5] On October 30, 2007, McLaughlin was sentenced to a maximum four years' imprisonment, followed by three years' probation.

unit confirmed McLaughlin completed serving his probationary sentence in the present case on June 17, 2018.

Accordingly, because McLauglin is no longer serving a sentence for the conviction that is the subject of this PCRA petition, he is not entitled to PCRA relief, and we affirm the order on appeal.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18

---

[6] We note McLaughlin was still serving his sentence at the time the PCRA court denied relief, and when it issued its opinion for this appeal. Nevertheless, it is well-settled that "we may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016) (quotation omitted).