J-S30040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS EUGENE WALTEMYER, | : | |
| | : | |
| Appellant | : | No. 2038 EDA 2018 |

Appeal from the PCRA Order Entered June 4, 2018
in the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000953-2013

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:             **FILED AUGUST 30, 2019**

Thomas Eugene Waltemyer ("Waltemyer") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  During the pendency of the instant appeal, Waltemyer's maximum sentence expired, and he became ineligible for relief under the PCRA. Consequently, we affirm.

On November 18, 2014, the trial court sentenced Waltemyer to one year less one day, to two years, less a day, in the Monroe County Correctional Facility.  This Court ultimately affirmed Waltemyer's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal.  *See Commonwealth v. Waltemyer*, 145 A.3d 775 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 145 A.3d 726 (Pa. 2016).  On

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

April 17, 2017, Waltemyer filed a counseled first PCRA Petition, and subsequently filed an Amended PCRA Petition. After a hearing, the PCRA court denied Waltemyer's Petition. Thereafter, Waltemyer filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Our review of the record discloses that Waltemyer began serving his sentence on October 31, 2016, and was paroled on November 2, 2017. Thus, Waltemyer's maximum sentence expired in October 2018. Therefore, his sentence has expired.

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa. Super. 2009).[2] As soon as a petitioner's sentence is completed, the petition is no longer eligible for relief, "regardless of whether he was serving his sentence when he filed the petition." ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009); ***see also Commonwealth v. Plunkett***, 151 A.3d 1108, 1112-13 (Pa. Super. 2016)

---

[2] ***See also Commonwealth v. Turner***, 880 A.3d 754, 765 (Pa. 2013) (stating that "due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").

(affirming the PCRA court's order denying relief where the petitioner's sentence expired while his appeal from the PCRA court's order was pending before this Court).

Because Waltemyer's maximum sentence has expired, he is not eligible for relief under the PCRA. Accordingly, we affirm the PCRA court's Order denying Waltemyer's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/19