J-S16008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAM WOODLYN | : | |
| | : | |
| Appellant | : | No. 1894 EDA 2019 |

Appeal from the PCRA Order Entered April 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011891-2012

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED MAY 06, 2020**

Appellant, Sam Woodlyn, appeals from the April 5, 2019 Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Because Appellant is no longer serving a sentence of incarceration, probation, or parole, he is not eligible for relief under the PCRA.  Therefore, we affirm.

On September 19, 2012, Philadelphia Police Officers Carlos Buitrago and Reginald Graham arrested Appellant and another man following a controlled drug buy.  On December 3, 2012, Appellant entered a negotiated guilty plea to charges of Possession with Intent to Deliver ("PWID") and Conspiracy to Commit PWID.[1]  On April 8, 2013, the trial court sentenced Appellant to a

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903, respectively.

term of 12 months of county intermediate punishment, including six months of house arrest with electronic monitoring, drug and alcohol treatment and 40 hours of community service, followed by two years of probation. Appellant did not file a direct appeal from his Judgment of Sentence. Appellant's Judgment of Sentence, thus, became final on May 8, 2013, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On March 28, 2018, Appellant filed the instant PCRA Petition, his first, in which he requested a new trial based on newly discovered evidence of Officer Graham's misconduct unrelated to the instant case.[2] Petition, 4/17/18, at ¶ 4.

On April 5, 2019, the PCRA court dismissed Appellant's Petition as meritless. Following reinstatement of Appellant's appeal rights *nunc pro tunc*, Appellant timely appealed.

Appellant raises the following issue on appeal: "Whether the court erred in not granting relief on the PCRA [P]etition due to newly discovered evidence[?]" Appellant's Br. at 7.

Before we address the merits of Appellant's issue, we consider whether it is properly before us. To be eligible for PCRA relief, a petitioner must plead

---

[2] On March 5, 2018, the Commonwealth provided Appellant's counsel with a copy of the Philadelphia District Attorney's "Do Not Call" list, which included Officer Graham. The "Do Not Call" list is a list of police officers the Philadelphia District Attorney's Office declined to call as witnesses due to issues with the officers' credibility.

and prove by a preponderance of the evidence that he or she has been convicted of a crime and that he or she is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. **Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa. Super. 2009); **see also Commonwealth v. Turner**, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). Once a petitioner's sentence expires, so too does his right to PCRA relief. **Commonwealth v. Plunkett**, 151 A.3d 1108, 1109-10 (Pa. Super. 2016).

Appellant's maximum sentence expired on April 8, 2016, three years after the trial court imposed it.[3] He is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's Order dismissing Appellant's PCRA Petition.

Order affirmed.

---

[3] Appellant completed his sentence of county intermediate punishment and, on February 24, 2017, the trial court ordered Appellant's probation terminated.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date:* _5/6/2020_