J-S31025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW DWIGHT DAVIS | : | |
| | : | |
| Appellant | : | No. 164 EDA 2021 |

Appeal from the PCRA Order Entered December 11, 2020
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004252-2018

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED JANUARY 21, 2022**

Appellant, Andrew Dwight Davis, appeals from the order entered in the Delaware County Court of Common Pleas, which dismissed his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 11, 2019, Appellant entered an open guilty plea to one count of possession of a controlled substance with the intent to deliver (specifically, 47.5 pounds of marijuana).  In connection with his plea, Appellant executed a written plea colloquy, and the court performed an oral colloquy.  The written plea colloquy expressly stated that if Appellant was not a U.S. citizen, he could

_____

[*] Retired Senior Judge assigned to the Superior Court.

face "**<u>MANDATORY DEPORTATION</u>**" or other adverse immigration consequences as a result of his plea. (Written Plea Colloquy, 2/11/19, at ¶ 22) (emphasis in original). Appellant initialed next to each paragraph of the written plea colloquy, including next to paragraph 22. During the oral colloquy, Appellant also admitted that plea counsel had reviewed each paragraph of the written plea colloquy with Appellant. At the conclusion of the guilty plea hearing, the court accepted Appellant's guilty plea as knowing, intelligent, and voluntary. The court sentenced Appellant that day to 24 months' intermediate punishment, with one day of credit for time served.[1] Appellant did not file any post-sentence motions or a direct appeal.

On July 7, 2020, Appellant filed a counseled PCRA petition, alleging plea counsel was ineffective for failing to inform him about the deportation consequences of his guilty plea. Appellant further claimed he was a citizen of Jamaica and that the Immigration, Customs and Enforcement Agency initiated removal proceedings against Appellant on March 10, 2020 as a result of the guilty plea. Appellant alleged the removal proceedings constituted a "new fact" to render the current PCRA petition timely and requested an evidentiary hearing to prove his claim of plea counsel's ineffectiveness.

On September 9, 2020, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant responded on

_____

[1] The court imposed 30 days of electronic home monitoring with the balance of the sentence to be supervised by the Probation and Parole Department.

September 28, 2020, claiming there were material disputes of fact that warranted a hearing. Nevertheless, the court denied PCRA relief on December 14, 2020. Appellant timely appealed on January 11, 2021. The court did not order, and Appellant did not file, a concise statement per Pa.R.A.P. 1925(b).

Preliminarily, a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). *See also Commonwealth v. Williams*, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining that once sentence is completed, petitioner is ineligible for PCRA relief). "[T]he statutory requirement that a PCRA petitioner be currently serving the sentence is applicable…where the PCRA court's order was issued while petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal." *Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-13 (Pa.Super. 2016), *appeal denied*, 641 Pa. 633, 169 A.3d 524 (2017).

Instantly, the court sentenced Appellant on February 11, 2019, to 24 months' intermediate punishment, indicating that Appellant's sentence expired during the pendency of this appeal in February 2021. Thus, even if Appellant could satisfy the "new facts" exception to render his current PCRA petition timely, he is still ineligible for PCRA relief. *See id.* Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2022