J-A27012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                :              PENNSYLVANIA
                :
          v.          :
                :
                :
DARRELL KENNETH BULLOCK     :
                :
        Appellant     :   No. 298 EDA 2020

Appeal from the Order Dated December 31, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001636-2018

BEFORE: PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:       **FILED FEBRUARY 03, 2022**

Darrell Bullock appeals from the order entered in the Montgomery County Court of Common Pleas on January 3, 2020, dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. The PCRA court denied Bullock's petition for lack of merit. As Bullock is no longer serving the sentence associated with this petition at the time of this appeal, we are constrained to find Bullock is due no relief. We therefore affirm the trial court's decision to dismiss the PCRA petition, albeit on different grounds.

The PCRA court accurately summarized the factual and procedural history as follows.

On August 9, 2017, at approximately 8:03 p.m., authorities responded to reports of an assault at 7 Voudy Road in Telford, PA. Upon arrival at the scene, Trooper Kevin Kassel of the Pennsylvania State Police made contact with Martin Brunges and

his wife Pat Brunges in their driveway at 5 Voudy Road. Trooper Kassel observed that Mr. Brunges had a cut and was bleeding in the area around his mouth. The trooper also observed blood emanating from an area where Mr. Brunges had a tooth missing.

Mr. Brunges indicated that his dog had exited from his home and ran on to [Bullock]'s driveway, where [Bullock]'s wife and dog were returning from a walk. Mr. Brunges retrieved the dog and reentered his home, but [Bullock]'s wife subsequently screamed at Mr. Brunges to get his dog away from her driveway. Mr. Brunges went outside and observed [Bullock] charging down his own driveway and towards the Brunges' property. Following a verbal confrontation, [Bullock] punched Mr. Brunges in the face, causing him to fall to the ground. Mr. Brunges lost a tooth and was transported to the hospital where he received ten stitches.

Trial Court Opinion, 2/10/2021, at 1-2.

After a jury trial, Bullock was found guilty of simple assault. Afterwards, the trial court found Bullock guilty of the summary charge of harassment.

On January 22, 2019, the trial court imposed an agreed upon aggregate sentence of one year of probation, twelve hours of community service, and restitution in the amount of $3,011 to be paid within one year.

A week later, Bullock sent the trial court a *pro se* letter, in which he raised claims of ineffective assistance of counsel. The court forwarded this letter to trial counsel, who filed a petition to withdraw as counsel.

On February 7, 2019, the trial court entered an order scheduling an evidentiary hearing regarding Bullock's *pro se* letter, which the court construed as a post-sentence motion, as well as the petition to withdraw. Two weeks later, PCRA counsel entered his appearance and filed a premature notice of appeal. PCRA counsel later filed a motion to withdraw the notice of

appeal, recognizing that it was premature due to the fact the trial court had not yet ruled on the post-sentence motion. The trial court granted the motion.

On April 15, 2019, Bullock filed a timely PCRA petition, with the help of new counsel ("PCRA counsel"), in which he raised a claim of ineffective assistance of trial counsel. Specifically, he asserted trial counsel undercut Bullock's credibility by opening the door to prior bad acts evidence.

A judicial conference was held the next day, during which PCRA counsel indicated Bullock would not be proceeding on his post-sentence motion due to the recent filing of the PCRA petition. That same day, the court granted trial counsel's petition to withdraw.

A few days later, the court denied Bullock's post-sentence motion as moot and ordered the Commonwealth to file a response to Bullock's PCRA petition within 30 days. The Commonwealth thereafter filed an answer and a motion to dismiss the PCRA petition. Bullock filed a response.

The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 3, 2020, after considering Bullock's response to the Rule 907 notice, the PCRA court dismissed the PCRA petition. This timely appeal followed.

Bullock is ineligible for PCRA relief. The PCRA clearly states that an appellant not currently incarcerated or on probation or parole with regard to the sentence for which PCRA relief is requested cannot establish eligibility for PCRA relief. **See** 42 Pa.C.S.A § 9543(a)(1)(i). Our Supreme Court has upheld

this requirement even where the PCRA petitioner initially filed the petition while still serving a sentence. *See Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997) (PCRA petitioner who had completed his prison sentence prior to any final adjudication of his PCRA petition, even though he initially filed the petition while still incarcerated, was ineligible for PCRA relief). Thus, the statute and our case law both "clearly contemplate[] that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding." *Id.* at 720.

Bullock was sentenced to one year of probation on January 22, 2019. Bullock's probation therefore terminated on January 22, 2020, and Bullock has accordingly completed serving the sentence for which he seeks relief.

As Bullock is no longer on probation during the pendency of the final adjudication of his request for PCRA relief, we are constrained to find Bullock has failed to meet the requirements of eligibility for relief under the PCRA. *See* 42 Pa.C.S.A § 9543(a)(1); *see also Ahlborn*, 699 A.2d at 720. The fact that his sentence expired after the PCRA court entered the order denying him relief does not change this outcome. *See Commonwealth v. Plunkett*, 151 A.3d 1108, 1110 (Pa. Super. 2016). Accordingly, because the trial court

ultimately dismissed the PCRA petition, we affirm the decision, albeit on different grounds.[1]

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/3/2022*

---

[1] ***See Commonwealth v. Parker***, 919 A.2d 943, 948 (Pa. 2007) (citations omitted) (noting that "an appellate court has the ability to affirm a valid judgment or verdict for any reason appearing as of record.").