J-A10012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                    :          PENNSYLVANIA
                    :
          v.               :
                    :
                    :
VOLODYMYR ROMANOVY BOICHUK   :
                    :
        Appellant     :   No. 608 MDA 2021

Appeal from the PCRA Order Entered April 19, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004473-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:        **FILED: MAY 24, 2022**

Volodymyr Romanovy Boichuk appeals from the order entered in the Lancaster County Court of Common Pleas on April 16, 2021, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied Boichuk's petition for lack of merit. As Boichuk is no longer serving the sentence associated with this petition, we are constrained to find Boichuk is due no relief. We therefore affirm the PCRA court's decision to dismiss the PCRA petition, albeit on different grounds.

The PCRA court accurately summarized the factual and procedural history as follows.

> On August 2, 2018, the police were dispatched to the Manheim Auto Auction in Penn Township, Lancaster County, PA. An employee of the Auction had observed Boichuk entering and exiting multiple luxury vehicles in the sales lot - an area not accessible by the general public and fenced in with attached "authorized access only" signs. Upon inspection of the vehicles,

the employee found the navigation chips and key fobs missing. The employee confronted Boichuk and recovered multiple navigation chips and key fobs valued in excess of $10,000.00 for the vendor. Boichuk neither owned nor had authorized control over either the vehicles entered or the fobs and chips taken. As a result, Boichuk was arrested and charged with theft by unlawful taking - movable property, 18 Pa.C.S.A. §3921 (a).

Having been denied admittance to the A.R.D. Program, Boichuk tendered a negotiated guilty plea to the charge on February 27, 2019. After conducting a lengthy on-the-record colloquy, the Court accepted the guilty plea as knowingly and voluntarily given, and sentenced Boichuk in accordance with the plea agreement to three years' probation, a $100.00 fine, and the costs of prosecution. No post sentence motion or direct appeal was filed. Boichuk was represented at the guilty plea hearing by privately retained counsel[].

PCRA Court Opinion, 8/16/2021, at 1-2.

On February 21, 2020, Boichuk filed a timely PCRA petition challenging the effectiveness of plea counsel. On October 14, 2020, an evidentiary hearing was held on the limited issue of whether plea counsel sufficiently advised Boichuk of the benefits and disadvantages of entering into a negotiated plea agreement and his chances of success at trial. Plea counsel and Boichuk (using a Ukrainian language interpreter) testified at the hearing. The PCRA court subsequently denied the PCRA petition. This timely appeal followed.

We need not reach the substance of Boichuk's issue on appeal, as he is ineligible for PCRA relief. The PCRA states that an appellant not currently incarcerated or on probation or parole with regard to the sentence for which PCRA relief is requested cannot establish eligibility for PCRA relief. *See* 42 Pa.C.S.A § 9543(a)(1)(i). Our Supreme Court has upheld this requirement

even where the PCRA petitioner initially filed the petition while still serving a sentence. *See Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997) (PCRA petitioner who had completed his prison sentence prior to any final adjudication of his PCRA petition, even though he initially filed the petition while still incarcerated, was ineligible for PCRA relief).

Boichuk was sentenced to three years of probation on February 27, 2019. Boichuk's probation therefore terminated three years later on February 27, 2022. Boichuk has accordingly completed serving the sentence on the crime for which he seeks relief.

As Boichuk is no longer on probation during the pendency of the final adjudication of his request for PCRA relief, we are constrained to find Boichuk has failed to meet the requirements of eligibility for relief under the PCRA. *See* 42 Pa.C.S.A § 9543(a)(1); *see also Ahlborn*, 699 A.2d at 720. The fact that his sentence expired after the PCRA court entered the order denying him relief does not change this outcome. *See Commonwealth v. Plunkett*, 151 A.3d 1108, 1110 (Pa. Super. 2016). Accordingly, because the trial court ultimately dismissed the PCRA petition, we affirm the decision, albeit on different grounds.[1]

Order affirmed. Jurisdiction relinquished.

---

[1] *See Commonwealth v. Parker*, 919 A.2d 943, 948 (Pa. 2007) (citations omitted) (noting that "an appellate court has the ability to affirm a valid judgment or verdict for any reason appearing as of record.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>05/24/2022</u>