J-S28032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ROBERT KELLER | : | |
| | : | |
| Appellant | : | No. 3129 EDA 2023 |

Appeal from the PCRA Order Entered November 7, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000406-2022

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED NOVEMBER 18, 2024**

Christopher Robert Keller ("Keller") appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act.[1]  Because Keller is no longer serving a sentence for the underlying conviction, he is not eligible for PCRA relief.  Accordingly, we affirm the order denying his petition.

In 2021, Keller was operating his vehicle when a police officer stopped him for an expired registration.  During the stop, the officer suspected that Keller was under the influence of narcotics, and a subsequent blood draw revealed the presence of 9.2 nanograms of Tetrahydrocannabinol ("THC") in Keller's system.  As a result, police charged Keller with driving under the influence of a controlled substance—second offense ("DUI"), and related offenses.  On June 7, 2022, pursuant to a negotiated plea agreement, Keller plead guilty to the count of DUI, which was graded as a first-degree

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

misdemeanor. That same day, the trial court sentenced Keller to two years' probation, with 120 of those days to be served on house arrest with electronic monitoring. Additionally, as a result of this plea, Keller received a mandatory suspension of his driver's license. *See* 75 Pa.C.S.A. § 3804(e)(1)(i).

Keller subsequently appealed his judgment of sentence, and the trial court removed the requirement of house arrest pending the appeal's outcome. Notably, however, the trial court left intact Keller's probationary supervision in accordance with his judgment of sentence. On June 30, 2023, this Court affirmed Keller's judgment of sentence. ***See Commonwealth v. Keller***, 301 A.3d 941 (Pa. Super. 2023) (unpublished memorandum). Keller did not seek further review by the Pennsylvania Supreme Court.

On August 2, 2023, Keller filed the instant timely, counseled PCRA petition, his first. In his petition, Keller requested that the PCRA court conduct an evidentiary hearing to determine whether trial counsel rendered ineffective assistance in relation to the guilty plea agreement. The PCRA court granted the request and conducted an evidentiary hearing on the matter at which both Keller and trial counsel testified. Thereafter, on November 7, 2023, the PCRA court entered an order denying the petition. In doing so, the court held that Keller's "loss of driving privileges [was] irrelevant to the determination of whether [his] guilty plea was entered voluntarily and knowingly." Order Denying PCRA Petition, 11/7/23, at unnumbered 2 (internal quotations omitted). Further, the court also determined that Keller was not forced or compelled against his will to enter the plea. ***See id***. at unnumbered 3. Keller

- 2 -

timely filed a notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925(b).

Keller raises the following issues for our review:

1. Whether [trial] counsel denied [Keller] effective assistance of counsel by failing to inform him of the collateral consequences of his plea, specifically the suspension of his driver's license?

2. Whether [trial] counsel denied [Keller] effective assistance of counsel by threatening to withdraw his representation if [Keller] did not accept the Commonwealth's plea offer?

3. Whether the PCRA court errored [*sic*] as a matter of law in overruling PCRA counsel's objection to the question of whether [Keller] denies that he had 9.2 nanograms of marijuana in his system at the time of his arrest?

4. Whether [Keller]'s guilty plea was not entered knowingly and intelligently as aspects of his probation were not explained to him by [trial] counsel or the court?

Keller's Brief at viii (unnecessary capitalization omitted).

Before we may address the issues raised by Keller on appeal, we must first determine whether he is eligible for relief under the PCRA. As related to the instant case, one of the requirements for PCRA relief is that the petitioner must still be serving the sentence for the conviction in question. Specifically, the PCRA provides as follows:

**(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

> > (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i). A petitioner becomes ineligible for PCRA relief once he is no longer serving his sentence, regardless of whether he was serving it when the petition was filed, or he was in the midst of appealing a PCRA court order. *See Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-13 (Pa. Super. 2016). Thus, if Keller is no longer serving his sentence, he is ineligible for relief from this Court. *See id*.

We reiterate that on June 7, 2022, the trial court sentenced Keller to two years' probation, 120 days of which were to be served on house arrest. As this sentence appeared to have ended on June 7, 2024, we directed the trial court to advise as to whether Keller was still serving this sentence. The trial court has since confirmed that Keller completed his sentence on this date. *See* PCRA Response to Rule to Show Cause, 10/21/24, at 1.[2]

Consequently, because Keller is no longer serving the sentence associated with the instant petition, we conclude that he is ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *see also Plunkett*, 151 A.3d at 1112-13. Thus, we affirm the denial of Keller's instant PCRA petition, albeit on different grounds. *See Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa. Super. 2021) (stating we may affirm a PCRA court's order on any legal basis supported by the certified record).

Order affirmed.

_____

[2] Additionally, PCRA counsel has not responded to this inquiry, and thus has not disputed that Keller is no longer serving the sentence.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/18/2024</u>