J-S69023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL GLEED | : | |
| | : | |
| Appellant | : | No. 646 MDA 2018 |

Appeal from the Order Entered March 19, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0002000-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED JANUARY 14, 2019**

Daniel Gleed appeals, *pro se*, from the order, entered in the Court of Common Pleas of Lebanon County, denying, in part, his first petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  We affirm.

Gleed was charged with rape of a child, aggravated indecent assault of a child, statutory sexual assault, indecent assault, endangering the welfare of children, and corruption of minors.  The victim was nine years old at the time of the offenses, which occurred during the spring and summer of 2006. Pursuant to a negotiated plea, the Commonwealth *nol prossed* the rape charge and Gleed entered a guilty plea to the remaining charges.  On June 29, 2007, the court sentenced Gleed to an aggregate term of imprisonment of 6 to 17 years.  Gleed did not file a direct appeal.  On September 8, 2017, Gleed filed

a *pro se* PCRA petition. Counsel was appointed and, following a **Grazier**[1] hearing, Gleed proceeded *pro se*. The PCRA court denied relief, in part, on March 16, 2018. Gleed filed a notice of appeal on April 9, 2018, and an appellate brief on August 22, 2018. Gleed completed his sentence at SCI-Forest on August 25, 2018.

Because Gleed is no longer incarcerated or on probation or parole, he is ineligible for collateral relief. **See** 42 Pa.C.S.A. § 9543(a)(1)(i). "Eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime." **Commonwealth v. Turner**, 80 A.3d 754, 761-62 (Pa. 2013). **See Commonwealth v. Alhborn**, 699 A.2d 718, 720 (Pa. 1997) (denial of relief for petitioner who has finished serving sentence is required by plain language of statute); **see also Commonwealth v. Plunkett**, 151 A.3d 1108 (Pa. Super. 2016) (statutory requirement that petitioner for PCRA relief be currently serving sentence is applicable where PCRA court's order was issued while petitioner was still serving required sentence, but sentence terminated prior to resolution of his appeal; denial of relief to petitioner who was no longer serving sentence, even when PCRA process had begun in timely manner, was not constitutionally infirm).

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Order affirmed.[2]


Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2019

---

[2] We are cognizant of the fact that Gleed was still serving his sentence when the PCRA court denied his petition on other grounds.  However, it is well settled that "we may affirm a PCRA court's decision on any grounds if the record supports it."  ***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (quotation omitted).