J-S71028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                           :
                     v.                               :
                                           :
                                           :
TERRANCE FISHER,                   :
                                           :
                 Appellant              :      No. 105 EDA 2018

Appeal from the PCRA Order December 29, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: MC-51-CR-0003014-2016

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED MARCH 28, 2019**

Appellant, Terrance Fisher, appeals from the December 29, 2017 Order dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Appellant is no longer serving his sentence, he is not eligible for PCRA relief. We, thus, affirm the denial of relief.

On April 6, 2016, Appellant entered a negotiated guilty plea to Driving Under the Influence ("DUI") and Driving While Operating Privilege is Suspended or Revoked.[1] On April 28, 2016, the trial court sentenced Appellant to an aggregate term of 72 hours to 6 months' incarceration. *See* Order of Sentence, filed 4/28/16; N.T., 4/28/16, at 7-8. Appellant did not file a direct appeal.

---

[1] 75 Pa.C.S. § 3802(c) and 75 Pa.C.S. § 1543(a), respectively.

On January 12, 2017, Appellant filed *pro se* the instant PCRA Petition, his first, raising numerous claims. The court appointed counsel, who filed an Amended PCRA Petition on August 27, 2017. The Commonwealth filed a Motion to Dismiss Appellant's PCRA Petition, noting that Appellant was ineligible for PCRA relief because he had completed his sentence. The PCRA court agreed and, after providing notice, dismissed Appellant's PCRA Petition on December 29, 2017.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

[1.] Whether the Petitioner challenged the reliability of the breathalyzer test and relied to his detriment on the ineffectiveness of counsel in advising him to plead guilty where said testing device was faulty?

[2.] Whether the conviction based on the reliability of the breathalyzer test and his reliance to his detriment on the ineffectiveness of counsel in advising him to plead guilty where said testing device was faulty, should his conviction be dismissed, reversed, discharged, and expunged?

Appellant's Brief at 5.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal

- 2 -

conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa. Super. 2009); *see also Commonwealth v. Turner*, 80 A.3d 754, 765 (Pa. 2013) ("due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). Thus, even where a PCRA petition is filed while a petitioner is serving his or her sentence, once the sentence expires, a petitioner's right to PCRA relief also expires. *Commonwealth v. Plunkett*, 151 A.3d 1108, 1109-10 (Pa. Super. 2016). "The burden of proving that a petitioner is currently serving a sentence of imprisonment, probation[,] or parole rests on the petitioner." *Soto*, 983 A.2d at 213-14.

Appellant's maximum sentence in the instant case expired on October 28, 2016, six months after the trial court imposed his sentence.[2] Appellant

---

[2] Appellant's negotiated guilty plea in this case violated his probation in another case at docket no. CP-51-CR-0906001-2005; his new VOP sentence of two years' probation in that case expired on May 22, 2018. Appellant also incurred a subsequent arrest at docket no. MC-51-CR-0013755-2016, but he was acquitted after a bench trial. Those cases are not part of this appeal, and they do not change our analysis.

has completed his sentence and is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's Order dismissing Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/19