J-S45023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                           :
                v.                        :
                                           :
                                           :
LESLEY COLON                      :
                                           :
                Appellant            :       No. 98 MDA 2018

Appeal from the PCRA Order December 13, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001832-2015

BEFORE:   PANELLA, J., OTT, J., and PLATT[*], J.

MEMORANDUM BY OTT, J.:                     **FILED APRIL 03, 2019**

Lesley Colon appeals from the order of the Court of Common Pleas of Lebanon County, entered December 13, 2017, that "vacate[d] the appointment and authorization" of counsel and clarified an order dated October 27, 2017, that had denied Colon's first petition filed under the Post Conviction Relief Act ("PCRA").[1]  When this appeal first appeared before this panel, we vacated the December 13, 2017, order and remanded to the PCRA court for the appointment of counsel for appeal purposes.  Counsel was promptly appointed, and the appeal is now ripe for our review.  Nevertheless, we find Colon is statutorily ineligible for relief.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

The underlying facts and procedural history of this matter are recounted in our prior memorandum decision, which we need not recite in detail herein. *See Commonwealth v. Colon*, 198 A.3d 453 (Pa. Super. 2018) (unpublished memorandum). For our purposes, we note Colon's claim focuses on the sentence he received following a guilty plea to one count of receiving stolen property. On June 29, 2016, the trial court sentenced Colon, in accordance with his negotiated plea, to a term of time-served to two years' imprisonment. *See* N.T., 6/29/2016, at 5. The court specifically directed, "This sentence will run concurrent with all other sentences." *Id.* At the time, Colon was awaiting sentencing on an unrelated parole violation in Dauphin County. No direct appeal was filed.

Colon filed a timely *pro se* PCRA petition on May 5, 2017, challenging the validity of his guilty plea and sentence. He asserted, *inter alia*, that the Pennsylvania Board of Probation and Parole failed to properly credit him for time-served, and improperly imposed his sentence consecutively to the Dauphin County matter. On August 24, 2017, appointed counsel filed an amended petition, arguing plea counsel was ineffective for failing to advise Colon as to the effect of the Dauphin County matter on the present case. Following an evidentiary hearing, on October 24, 2017, the PCRA court, upon misinformation that the State Correctional Facility surrendered jurisdiction of Colon to the PCRA court, entered an order granting Colon parole, and extending counsel's appointment to assist Colon with a potential mandamus

action in the Commonwealth Court. **See** N.T., 10/24/2017, at 34. However, when the PCRA court subsequently discovered the State Correctional Facility did not surrender jurisdiction of Colon, it entered another order on October 27, 2017, vacating the October 24th order because the court lacked jurisdiction to grant parole. **See** Order, 10/27/2017. On December 13, 2017, the PCRA court further amended the October 27th order to vacate the extended appointment of PCRA counsel. Colon filed a notice of appeal on January 7, 2018.

As noted *supra*, when this appeal first appeared before this panel, we concluded the PCRA court erred in vacating the appointment of PCRA counsel since this was Colon's first petition for collateral relief. Accordingly, we entered the following directive:

> [W]e vacate the December 13, 2017, order and remand for the appointment of counsel within 30 days of the filing of this decision for appeal purposes only. Once such appointment is made, the PCRA court shall remit the certified record to this Court immediately. Newly appointed counsel shall enter an appearance with this Court. Lastly, we direct our Prothonotary to establish an appropriate briefing schedule.

**Colon**, **supra**, 198 A.3d 453 (unpublished memorandum at 8).

Upon remand, the PCRA court appointed present counsel on September 13, 2018. Thereafter, on October 15, 2018, counsel filed, in this Court, an application for leave to withdraw, stating he had been informed by Colon's wife that Colon wanted to represent himself. **See** Application for Leave to Withdraw and Remand for a **Grazier** Hearing, 10/15/2018, at ¶ 2. By order

entered October 19, 2018, this panel denied counsel's application because Colon had not filed any documentation expressing his desire to proceed *pro se*. *See* Order, 10/19/2018. Counsel subsequently filed a brief, asserting the ineffectiveness of both plea counsel and prior PCRA counsel.[2]

On appeal, Colon first contends plea counsel was ineffective for advising him to accept an invalid plea agreement.[3] *See* Colon's Brief at 8. He argues that although counsel informed him all of his sentences would run concurrently, "there is no question that a recommitted offender on state parole must serve his sentence for his violation consecutively to any sentence for new charges." *Id.* at 9. Therefore, Colon maintains plea counsel's insistence that Colon's Dauphin County parole violation sentence would run concurrently with the present one for his new charges, was erroneous advice. *See id.* at 10. Similarly, Colon's second ineffectiveness claim involves prior PCRA

---

[2] We note that on February 6, 2019, Colon filed a *pro se* document entitled, "Affidavit to Withdraw and Remove from Court Record Any/All Counsel, to Include, Mr. Daniel Bardo, Esq., as Petitioner's Counsel." *See* Affidavit, 2/6/2019. Because of our disposition of this appeal, we will deny Colon's request to remove counsel as moot.

[3] Counsel acknowledged this issue was not addressed by the PCRA court in its March 12, 2018, opinion. *See* Colon's Brief at 4 n.1. Indeed, it was not included in a *pro se* Pa.R.A.P. 1925(b) concise statement filed by Colon on January 29, 2018. Nevertheless, counsel maintains that, because Colon was abandoned by prior PCRA counsel and forced to appeal *pro se*, "[t]he interest of judicial economy … supports setting aside the arguable waiver of this claim." *Id.*

counsel's decision to abandon these "meritorious claims in exchange for an illegal agreement to parole" him. *Id.* at 10.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

Here, the PCRA court found Colon's claims lack merit, and the remedy he seeks is only available through the Commonwealth Court. *See* Trial Court Opinion, 3/12/2018, at 4-8. Our review of the record, however, reveals Colon is statutorily ineligible for relief because he is no longer serving a sentence on this matter.

It is well-established that to be eligible for PCRA relief, a petitioner must prove that **at the time relief is granted**, he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." *Commonwealth v. Plunkett*, 151 A.3d 1108, 1109 (Pa. Super. 2016), *appeal denied*, 169 A.3d 524 (Pa. 2017).

This Court's decision in *Plunkett* is dispositive. In that case, the petitioner was still on probation at the time he filed his PCRA petition and when the court denied relief. *See id.* However, he subsequently completed his probationary term while his appeal was pending before this Court. *See id.* A panel of this Court held the petitioner was not eligible for PCRA relief,

opining: "[W]e find the statutory requirement that a PCRA petitioner be currently serving a sentence is applicable to the instant circumstance where the PCRA court's order was issued while petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal." *Id.* at 1113.

The same is true here. Colon was sentenced to a maximum term of two years' imprisonment on June 29, 2016. The court directed the sentence run concurrently with any other sentence Colon was then serving. Therefore, his two-year maximum sentence expired on June 29, 2018.

Accordingly, because Colon is no longer serving a sentence for the conviction that is the subject of this PCRA petition, he is not entitled to PCRA relief, and we affirm the order on appeal.[4]

Order affirmed. "Affidavit to Withdraw and Remove from Court Record Any/All Counsel, to Include, Mr. Daniel Bardo, Esq., as Petitioner's Counsel" denied as moot.

Judge Platt did not participate in the consideration or decision of this case.

---

[4] We note Colon was still serving his sentence at the time the PCRA court denied relief, and when it issued its opinion for this appeal. Nevertheless, it is well-settled that "we may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quotation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/03/2019