J-S27034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUANE MARCEL HOLMES | : | |
| | : | |
| Appellant | : | No. 3115 EDA 2019 |

Appeal from the Order Entered October 9, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003636-2014

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 22, 2020**

Appellant, Duane Marcel Holmes, appeals *pro se* from the October 9, 2019, order entered in the Lehigh County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Specifically, the PCRA court determined Appellant was ineligible for relief under the PCRA because he was no longer serving a sentence of incarceration, probation, or parole on the underlying crime of receiving stolen property.  Because the record supports the court's determination, we affirm.

On April 28, 2015, following a jury trial, Appellant was convicted of receiving stolen property, graded as a felony of the third degree.  On July 27, 2015, the trial court sentenced Holmes a term of 2 1/2 to 5 years in prison.[1]

_____

* Former Justice specially assigned to the Superior Court.
[1] Appellant received 347 days' credit for pretrial detention served.

Appellant, through counsel, filed a timely Notice of Appeal. This Court affirmed Appellant's judgment of sentence on June 12, 2017. Appellant filed a timely petition for allowance of appeal to the Supreme Court of Pennsylvania, but the Court denied his petition on March 21, 2018.

On June 12, 2019, Appellant timely filed the instant PCRA Petition,[2] his first, raising issues of ineffective assistance of counsel, the denial of his suppression motion, and the admissibility of evidence at trial. The PCRA court appointed counsel but soon thereafter learned that Appellant had completed his term of imprisonment on July 8, 2018, and was not placed on probation or parole. Appellant was incarcerated in New Jersey on unrelated charges at the time the present PCRA petition was under consideration. Accordingly, by its order of October 9, 2019, the PCRA court deemed Appellant ineligible for PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(1), *infra*, and dismissed the present petition. This timely appeal followed.

Before we address the merits of Appellant's issues, we consider whether they are properly before us. To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that he or she has been convicted of a crime and that he or she is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i).

---

[2] Appellant's judgment of sentence became final upon the expiration of the 90-day period following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal on March 21, 2018, when the time for seeking discretionary review with the United States Supreme Court expired. **See** U.S. Supreme Court Rule 13. Therefore, Appellant had until June 19, 2019, to file a timely PCRA petition.

- 2 -

A petitioner who has completed his sentence is no longer eligible for post-conviction relief. ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa.Super. 2009); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). Once a petitioner's sentence expires, so too does his right to PCRA relief. ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109-10 (Pa.Super. 2016); ***see also Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa.Super. 2015) (finding *pro se* petitioner ineligible for relief on completed sentence, though still incarcerated on additional convictions).

Here, Appellant completed his sentence of incarceration and is not presently serving probation or parole. He is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20