J-A19045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
MICHAEL MCLAUGHLIN   :
  :
Appellant   :   No. 3021 EDA 2019

Appeal from the Order Entered October 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007870-2015

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:      **FILED SEPTEMBER 8, 2020**

Michael McLaughlin (Appellant) takes this counseled appeal from the order entered in the Philadelphia County Court of Common Pleas dismissing his first, timely petition filed pursuant to the Post Conviction Relief Act[1] (PCRA). On appeal, Appellant argues direct appeal counsel rendered ineffective assistance for failing to challenge the trial court's admission of photographs of the victim's injuries. Because we conclude Appellant is no longer serving a sentence, and therefore is not entitled to PCRA relief, we affirm.[2]

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 42 Pa.C.S. § 9543(a)(1)(i).

The facts presented at trial were summarized by the PCRA court as follows:

> On July 3, 2015, Appellant . . . . had an argument with his neighbor, John Wallace [(the victim)], in the communal kitchen of their home. During this argument, Appellant threw the contents of a cup at [the victim], at which point [the victim] grabbed Appellant around the waist. Appellant then hit [the victim] repeatedly with his cup, striking him in the head and causing multiple lacerations to the victim's face and head. . . . [The victim] was taken to the hospital, where he received nine surgical staples to his head. Police who interviewed Appellant noted that he had no visible injuries. . . .

PCRA Ct. Op. 12/23/19, at 1.

On March 21, 2016, Appellant proceeded to a bench trial. The victim, "though present at trial, did not testify." *Commonwealth v. McLaughlin*, 3453 EDA 2016 (unpub. memo. at 2) (Pa. Super. Aug. 28, 2017). The victim suffered from mental illness, a diminished mental capacity, and "a significant speech impediment." *Id.* Appellant raised self-defense and testified on his own behalf.

Appellant was found guilty of possessing an instrument of crime (PIC) and recklessly endangering another person (REAP).[3] On that same date, March 21, 2016, the trial court imposed two years of probation for REAP, followed by a consecutive two years of probation for PIC. The aggregate sentence was four years of probation.

---

[3] 18 Pa.C.S. §§ 907, 2705.

- 2 -

Appellant filed a post-sentence motion on March 31, 2016. On October 25, 2016, Appellant filed a timely PCRA petition seeking reinstatement of his appellate rights. On that same day, however, Appellant's post-sentence motion was denied by operation of law. On October 29, 2016, Appellant filed a timely notice of appeal. On December 22, 2016, Appellant filed a motion to withdraw his PCRA petition because it was prematurely filed. On February 25, 2017, Appellant's PCRA petition was dismissed. On August 28, 2017, the Superior Court affirmed Appellant's judgment of sentence. ***Commonwealth v. McLaughlin***, 3453 EDA 2016 (unpub. memo.) (Pa. Super. Aug. 28, 2017).

Appellant filed a *pro se* timely PCRA petition on September 20, 2017, and a supplemental petition one week later. PCRA Ct. Op. at 2. In the supplemental petition, Appellant claimed his trial counsel was ineffective for failure to call fact witnesses and failure to meet certain discovery obligations prior to trial. Appellant's Amendment to the Prior Petition, 9/27/17, at 4-9.

The PCRA court appointed counsel, who filed an amended PCRA petition on May 18, 2018. In the amended petition, Appellant argued that trial counsel was ineffective for "failing to call a fact witness, who would have attested to the [victim/s] propensity of violence, in support of [Appellant's] self-defense/justification claim." Appellant's Amended PCRA Petition, 5/18/18, at 3. On August 5, 2019, the Commonwealth filed a brief in opposition to Appellant's petition. On September 16, 2019, the PCRA court issued notice of its intent to dismiss the petition without conducting an evidentiary hearing pursuant to

Pa.R.Crim.P. 907. The PCRA court formally denied Appellant's petition on October 21, 2019.

On October 23, 2019, Appellant filed a timely notice of appeal. On November 6, 2019, the PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied, and filed a concise statement on November 19, 2019.[4]

Appellant presents one issue for our review:

Whether Appellant's prior appellate counsel rendered ineffective assistance of counsel, which prejudiced Appellant's right to a fair appeal and forfeited his right to a new trial, when he failed to raise issues on appeal that the trial court abused its discretion in failing to bar admission of photographs depicting alleged injuries of Complainant, which were not provided to the Defense prior to trial though such evidence constituted mandatory discovery which the Commonwealth was required to disclose, and the evidence was inflammatory without any probative value[?]

Appellant's Brief at 5. Here, Appellant claims that appellate counsel was ineffective for failing to allege that the trial court abused its discretion when it admitted photographs of the complainant's injuries. *Id.* Appellant argues that because the trial court admitted these photos, his right to a fair trial was prejudiced. *Id.* at 10. Appellant claims that the evidence should have been excluded because the photographs "had no probative value, as Appellant did not deny hitting [the victim] and was presenting a justification defense, which

---

[4] In its opinion, the PCRA court explained that although Appellant raised several issues in his PCRA petition, his Rule 1925(b) statement only presented one issue.

did not hinge on the extent of the victim's non-lethal injuries." ***Id.*** at 12-13.

Appellant argues that his judgment of sentence should be vacated and he

should be granted a new trial. ***Id.*** at 13.

The statutory requirements for eligibility for post-conviction collateral

relief are set forth at 42 Pa.C.S. § 9543, which states, in relevant part:

> (a) General rule. To be eligible for relief under this subchapter,
> the petitioner must plead and prove by a preponderance of the
> evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under
> > the laws of this Commonwealth and is at the time relief is
> > granted:
> >
> > > (i) currently serving a sentence of imprisonment,
> > > probation or parole for the crime[.]

42 Pa.C.S. § 9543(a)(1)(i).  Case law has strictly interpreted the requirement

that the petitioner be currently serving a sentence for the crime to be eligible

for relief.

> Here, the denial of relief for a petitioner who has finished serving
> his sentence is required by the plain language of the statute.  To
> be eligible for relief a petitioner must be **currently** serving a
> sentence of imprisonment, probation or parole.  To grant relief at
> a time when appellant is **not** currently serving such a sentence
> would be to ignore the language of the statute.

***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (emphasis in

original).

In ***Commonwealth v. Plunkett***, 151 A.3d 1108 (Pa. Super. 2016), the

defendant was serving his sentence when he filed a timely PCRA petition, and

when the PCRA court denied it based on lack of merit. ***Id.*** at 1112.  However,

- 5 -

by the time this Court reviewed his appeal, the defendant was no longer serving the sentence. *Id.* at 1108, 1112. This Court held that in order to seek relief, a PCRA petitioner must be currently serving a sentence. *Id.* at 1109-1110. This Court thus concluded the defendant lacked standing to seek, and was not entitled to, PCRA relief. *Id.* at 1108-09.

Here, Appellant was sentenced on March 21, 2016, to an aggregate term of four years of probation. That sentence expired on March 21, 2020, and as of this writing, Appellant has served the entirety of his sentence. The PCRA requires that a petitioner be serving their sentence at the time relief is granted. *See* 42 Pa.C.S. § 9543(a)(1)(i). Accordingly, we conclude Appellant is no longer eligible for PCRA relief. *See Ahlborn*, 699 A.2d at 720; *Plunkett*, 151 A.3d at 1109-1110. Therefore, we affirm the dismissal of Appellant's PCRA petition, albeit on different grounds.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2020

---

[5] "We may affirm a PCRA court's decision on any grounds if it is supported by the record." *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010).

- 6 -