J-S06018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| I.O. | : | |
| | : | |
| Appellant | : | No. 712 EDA 2020 |

Appeal from the PCRA Order Entered January 23, 2020,
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014915-2012

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 4, 2021**

Appellant I.O.[1] appeals from order dismissing, without a hearing, his timely first Post Conviction Relief Act[2] (PCRA) petition.  Appellant argues that the PCRA court erred by vacating house arrest and terminating his probation early, and by dismissing his petition on the grounds that he was no longer serving a sentence.  Appellant also argues that his trial counsel was ineffective for not presenting expert witnesses.  Because Appellant is no longer serving a sentence in this case, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pursuant to Superior Court I.O.P. 424(A), we have altered the caption to reflect Appellant's initials in order to protect the identity of the victim.  We have also redacted the case name of Appellant's prior direct appeal.

[2] 42 Pa.C.S. §§ 9541-9546.

A previous panel of this Court summarized the factual history of this case, which we need not restate here. **See Commonwealth v. I.O.**, 2644 EDA 2016, 2018 WL 4041652, at *1 (Pa. Super. filed Aug. 24, 2018) (unpublished mem.). Relevant to this appeal, on August 11, 2014, a jury found Appellant, a citizen of Nigeria, guilty of indecent assault of a child less than thirteen years of age.[3] On April 10, 2015, the trial court sentenced Appellant to eleven-and-a-half to twenty-three months of incarceration with immediate parole to house arrest, followed by three years of probation. The sentencing order states the sentence would commence on May 1, 2015.

Appellant did not file post-sentence motions or a direct appeal. Appellant thereafter filed a PCRA petition seeking the reinstatement of his direct appeal rights. During the PCRA hearing, Appellant and his trial counsel both testified that after sentence was imposed in this matter, U.S. Immigration and Customs Enforcement (ICE) detained Appellant with the intent to deport him to Nigeria. The PCRA court issued an order restoring Appellant's direct appeal rights *nunc pro tunc*.

Appellant then filed a motion with the trial court seeking to waive his right to seek future PCRA relief in order to raise claims of ineffective assistance of counsel on direct appeal pursuant to **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013). The trial court denied the **Holmes** motion. Subsequently, Appellant filed a direct appeal. This Court affirmed Appellant's judgment of

---

[3] 18 Pa.C.S. § 3126(a)(7).

sentence on August 24, 2018.[4]  ***See I.O.***, 2018 WL 4041652, at *13.
Appellant did not file a petition for allowance of appeal in the Pennsylvania
Supreme Court.

While Appellant's direct appeal was pending, however, the trial court
convened a hearing on May 25, 2018, to consider the status of Appellant's
house arrest and probation.  Appellant was not present at this hearing, but
the trial court appointed the Defender Association as Appellant's counsel for
this hearing (separate counsel represented Appellant for his direct appeal)
Appellant's counsel informed the trial court that Appellant was still in ICE's
custody.  N.T., 5/25/18, at 3.  Appellant's counsel represented that continued
probation in this matter would not affect ICE's deportation efforts.  ***Id.***  The
trial court entered an order that same day vacating Appellant's house arrest
and terminating his probation.  ***Id.***

On October 1, 2018, Appellant filed the timely *pro se* first PCRA petition
giving rise to this appeal.[5]  The PCRA court appointed counsel, who filed an
amended PCRA petition.  Therein, Appellant claimed he was still serving his
sentence in this matter.  Am. PCRA Pet., 2/14/19, at ¶ 3.  Appellant argued

---

[4] This Court also affirmed the trial court's denial of Appellant's ***Holmes***
motion.  ***See I.O.***, 2018 WL 4041652, at *10-11.

[5] When a "petitioner's direct appeal rights are reinstated *nunc pro tunc* in his
first PCRA petition, a subsequent PCRA petition will be considered a first
petition for timeliness purposes." ***See Commonwealth v. Turner***, 73 A.3d
1283, 1285 (Pa. Super. 2013).

that trial counsel was ineffective for not objecting to testimony from Commonwealth's DNA expert. *Id.* at ¶ 7.

On August 16, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition because he was no longer serving a sentence for this case. Appellant filed a response to the PCRA court's Rule 907 notice, arguing the trial court's May 25, 2018 order improperly terminated Appellant's house arrest and probation because the trial court lacked the authority to reduce the time limits to seek PCRA relief. Resp. to 907 Notice, 9/5/19, at 5-6. However, Appellant acknowledged that his sentence would still expire in March of 2020, even if the trial court did not terminate his supervision. *Id.* at 5.

On December 17, 2019, the PCRA court issued a second Rule 907 notice, again indicating its intent to dismiss the PCRA petition because Appellant was no longer serving a sentence for this case. Appellant filed a motion for enlargement of time to respond to the second Rule 907 notice on January 22, 2020. The PCRA court denied the motion for enlargement of time and dismissed Appellant's PCRA petition on January 23, 2020.

On February 8, 2020, Appellant filed a *pro se* notice of appeal, in which he captioned the order being appealed from as the PCRA court's December 17, 2019 Rule 907 notice.[6] PCRA court appointed new counsel to represent

_____

[6] A *pro se* notice of appeal filed when an appellant is still represented by counsel does not offend the prohibition against hybrid representation. ***See*** *(Footnote Continued Next Page)*

- 4 -

Appellant on appeal. Appellant filed a timely Pa.R.A.P. 1925(b) statement, and the PCRA court filed a responsive opinion.

Appellant raises the following issues on appeal, which we summarize as follows:

1. Did the trial court violate Appellant's due process rights by denying his request to assert ineffective assistance of trial counsel claims on direct appeal and by terminating his parole and probation while his direct appeal was pending?

2. Did the PCRA court err in denying relief on Appellant's PCRA petition alleging trial counsel was ineffective for failing to present a DNA expert?

3. Did the PCRA court err in denying relief on Appellant's PCRA petition alleging trial counsel was ineffective for failing to present a computer forensics expert?

Appellant's Brief at 4.

Appellant argues that the PCRA court lacked jurisdiction to enter the May 25, 2018 order vacating Appellant's house arrest and terminating his probation because this case was on direct appeal at that time. *Id.* at 18, 20, 23. Appellant also argues that notwithstanding the appointment of the Defender Association as his counsel prior to the hearing, the May 25, 2018 hearing violated his rights to counsel and due process because he not aware

---

***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016). On September 10, 2020, this Court issued a rule to show cause why the appeal should not be quashed as having been taken from a purported order that is not entered upon the appropriate docket. Appellant responded to the rule to show cause, this Court discharged the rule to show cause, and deferred the issue to the present panel. Order, 12/1/20. Because this appeal properly lies from the January 23, 2020 order dismissing the PCRA petition, we have amended the caption accordingly.

of the hearing, he was not present, and his counsel also was not present. *Id.* at 20-23.

The Commonwealth responds that Appellant is not entitled to PCRA relief because the trial court vacated Appellant's house arrest and terminated his probation on May 25, 2018. Commonwealth's Brief at 9. The Commonwealth notes that even if the trial court had not done so, Appellant's sentence would have expired on March 10, 2020. *Id.* Lastly the Commonwealth notes that although Appellant is in the custody of ICE, deportation is a civil, not a criminal proceeding. *Id.*

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (quotation marks and citation omitted).

Before we address the merits of Appellant's issues, we first examine his eligibility for relief under the PCRA. To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that he or she has been convicted of a crime and that he or she is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i). It is well-established that a petitioner who has completed

serving his sentence is no longer eligible for PCRA relief. *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa. Super. 2009); *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997). Once a petitioner's sentence has expired, his right to PCRA relief has also expired. *See Commonwealth v. Plunkett*, 151 A.3d 1108, 1109-10, 1112-13 (Pa. Super. 2016) (affirming the denial of the petitioner's PCRA petition where the petitioner's sentence expired during pendency of his appeal); *see also Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (holding that petitioner whose sentence had expired was not eligible for PCRA relief, notwithstanding the immigration consequences of his convictions). "The burden of proving that a petitioner is currently serving a sentence of imprisonment, probation or parole rests on the petitioner." *Soto*, 983 A.2d at 213-14.

The PCRA court stated Appellant was not eligible for PCRA relief because he is no longer serving a sentence on this case because the PCRA court vacated Appellant's house arrest and terminated his probation on May 25, 2018. PCRA Ct. Op., 8/12/20, at 4-5. The PCRA court also noted that Appellant's original sentence would have expired on March 10, 2020. *Id.* at 5.

Instantly, even if we accept Appellant's assertion that the trial court lacked the authority to vacate Appellant's house arrest and terminate his probation during the pendency of his direct appeal, Appellant is not eligible for PCRA relief. Our review of the record indicates that the trial court sentenced Appellant to serve eleven-and-a-half to twenty-three months' house arrest,

followed by three years' probation, to commence on May 1, 2015. **See** Order, 4/10/15, at 1. Appellant has conceded that his sentence otherwise expired in March 2020, during the instant appeal.[7] Therefore, Appellant is no longer eligible for PCRA relief. **See** 42 Pa.C.S. § 9543(a)(1)(i); **Plunkett**, 151 A.3d at 1112-13. The fact that Appellant is in the custody of ICE pending deportation does not make him eligible for PCRA relief after his sentence in this matter has expired. **See generally Descardes**, 136 A.3d at 503.

Accordingly, because Appellant fails to establish his eligibility for PCRA relief, we affirm the PCRA court's order dismissing Appellant's petition.[8] **See Ousley**, 21 A.3d at 1242; **Soto**, 983 A.2d at 213-14.

Order affirmed.

_____

[7] The Commonwealth and PCRA court both stated that Appellant's sentence would have expired on March 10, 2020. **See** Commonwealth's Brief at 9; PCRA Ct. Op. at 5. Appellant also previously acknowledged that his sentence was going to expire in March of 2020. **See** Resp. to 907 Notice, 9/5/19, at 5. Apparently, the parties and PCRA court all reached this date by calculating Appellant's sentence from April 10, 2015, the date of the sentencing hearing. However, the trial court's sentencing order directed that Appellant's sentence would commence on May 1, 2015. Accordingly, it appears that Appellant's sentence of house arrest and probation would have expired on April 1, 2020, at the latest. The difference between a March and April 2020 expiration date does not affect our conclusion that Appellant is not eligible for PCRA relief. **See Plunkett**, 151 A.3d at 1112-13.

[8] Because we conclude that Appellant has failed to establish that he is eligible PCRA relief, we do not need to reach the merits of his remaining claims.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/04/2021