J-A07035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER A. NAKOSKI | : | |
| | : | |
| Appellant | : | No. 1641 MDA 2022 |

Appeal from the PCRA Order Entered November 10, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000310-2019

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: APRIL 23, 2024**

Christopher A. Nakoski appeals[1] from the November 10, 2022 order dismissing his amended petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] was convicted of one count of [indecent assault, 18 Pa.C.S.A. § 3126(a)(1)] after a jury trial on January 9, 2020.  [Appellant] was acquitted of a

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's notice of appeal purports to appeal from "the Judgment of Sentence entered in this matter on the 10th day of November 2022." However, the appeal properly lies from the November 10, 2022 order denying PCRA relief, not from the judgment of sentence.  ***See Commonwealth v. Gaines***, 127 A.3d 15, 18–19 (Pa.Super. 2015) (noting that in a PCRA proceeding, the final, appealable order is the grant or denial of relief).

second count of [indecent assault] and one count of [corruption of minors]. These three counts involved [Appellant's] then minor step-daughter, B.H. The jury was hung on two counts of [indecent assault] and one count of [corruption of minors]. These counts involved [Appellant's] other minor step-daughter, R.H. A ***nolle prosequi*** was subsequently entered on July 8, 2020, as to these three counts.

[On July 2, 2020, the trial court sentenced Appellant to 3 to 23 months' imprisonment imposed. Appellant received credit for time-served from January 13 to February 1, 2019.]

[Appellant] filed a timely motion for post-sentence relief on July 13, 2020, and an amended post-sentence motion pursuant to Pa.R.Crim.P. 720(b) on September 24, 2020. [The trial court] denied [Appellant's] amended post-sentence motion by opinion and order of court on October 29, 2020. [Appellant's] timely direct appeal to the Superior Court was denied on June 29, 2021. [***See Commonwealth v. Nakoski***, 258 A.3d 557 (Pa.Super. 2019).] [Appellant] did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

[Appellant] filed a timely ***pro se*** PCRA petition on July 29, 2021. After counsel was appointed, appointed counsel filed an amended petition on October 18, 2021. [The PCRA court] held multiple evidentiary hearings on [Appellant's] counsel's request to supplement the PCRA petition with additional claims, and these requests were granted. On August 12, 2022, counsel filed a final amended PCRA petition. [The PCRA court] denied [Appellant's] final amended PCRA petition by opinion and order of court on November 10, 2022. Pursuant to [Pa.R.Crim.P. 907(4)], [Appellant] was provided notice of his right to appeal out decision denying his PCRA petition within [30] days.

PCRA court Rule 1925(a) opinion, 12/19/22 at 1-2 (footnotes and extraneous capitalization omitted). This timely appeal followed on November 30, 2022.[2]

Appellant raises the following issues for our review:

1. Whether the PCRA court committed error when it rejected Appellant's claim (Point FIVE) that his Sixth Amendment right to effective assistance of counsel was violated when his trial attorney did not object to the improper vouching that occurred during the rebuttal phase of the case?

2. Whether the PCRA court committed error when it rejected Appellant's claim (Claim SEVEN) that his Sixth Amendment right to effective assistance of counsel was violated when his trial attorney did not object and object for a mistrial when the prosecutor wrote on the easel, in full view of the jury: ***Charges: Miranda: Didn't Sign Without K[n]owing What About***[?]

3. Whether the PCRA court committed error when it rejected Appellant's claim (Claim SIX) that his Sixth Amendment right to effective assistance of counsel was violated by the cumulative effect of the attorney errors alleged in his PCRA Petition?

Appellant's brief at 4-5 (extraneous capitalization and internal quotation marks omitted; emphasis in original).

Prior to addressing the substantive merits of Appellant's issues, however, we first determine whether he is eligible for PCRA relief. To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that he is "currently serving a sentence of imprisonment,

_____

[2] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa.Super. 2016), ***appeal denied***, 169 A.3d 524 (Pa. 2017). "As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief." ***Commonwealth v. Gillins***, 302 A.3d 154, 160 (Pa.Super. 2023) (citation omitted). Furthermore,

> [t]he requirements set forth in [S]ection 9543 establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition. Nevertheless, our Supreme Court has held that **even if a petitioner is serving a sentence when a PCRA petition is filed, the petitioner cannot obtain relief under the PCRA once the sentence has expired.**

***Commonwealth v. Bieber***, 283 A.3d 866, 873 (Pa.Super. 2022) (citations and internal quotation marks omitted; emphasis added).

"[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." ***Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013), ***cert. denied***, 572 U.S. 1039 (2014).

Instantly, the trial court sentenced Appellant to 3 to 23 months' imprisonment on July 2, 2020. ***See*** notes of testimony, 7/2/20 at 13. Appellant also received credit for time-served from January 13 to February 1, 2019. ***Id.*** Thus, Appellant's sentence expired in June 2022. The transcript

from a January 18, 2024 evidentiary hearing on Appellant's motion for parole, which was held long after the instant appeal was filed, further confirms that Appellant has been discharged from Franklin County Jail and is no longer subject to further supervision by the Franklin County Probation Department. *See* notes of testimony, 1/18/24 at 54-55.

Accordingly, as Appellant is no longer serving his sentence at the instant docket, he is ineligible for PCRA relief and we discern no error on the part of the PCRA court in dismissing his petition.[3]

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/23/2024

_____

[3] In light of our disposition, Appellant's *pro se* "Emergency Petition for Relief," which was filed on May 22, 2023 while he was represented by counsel, is denied as moot.