J-S16018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFIYQ DAVIS | : | |
| | : | |
| Appellant | : | No. 2446 EDA 2023 |

Appeal from the PCRA Order Entered September 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009574-2008

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED AUGUST 12, 2024**

Rafiyq Davis ("Davis") appeals *pro se* from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Davis is no longer serving a sentence for the underlying conviction, so he is not eligible for PCRA relief. Accordingly, we affirm the order dismissing his petition.

In 2009, following his convictions for firearms offenses, the trial court sentenced Davis to an aggregate sentence of three to six years' imprisonment followed by four years of probation. This Court affirmed Davis' judgment of sentence, and our Supreme Court denied allowance of appeal. ***See Commonwealth v. Davis***, 998 A.2d 1013 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 9 A.3d 627 (Pa. 2010). In 2015, the trial court

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

found Davis in violation of his probation, revoked his probation, and sentenced him to six to twenty-four months' incarceration followed by four years' probation. This Court affirmed the judgment of sentence on July 20, 2016. *See Commonwealth v. Davis*, 154 A.3d 861 (Pa. Super. 2016) (unpublished memorandum). Davis did not seek further review in our Supreme Court.

In January 2017, Davis filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who filed a petition to withdraw from representation and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 550 A.2d 213 (Pa. Super. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In 2018, the PCRA court dismissed Davis' petition. Davis did not appeal the dismissal order.

On May 30, 2021, Davis filed the instant *pro se* PCRA petition, his second. On September 20, 2021, while the instant petition was pending, Davis' probationary sentence ended, and his supervision was terminated. In July 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing on the basis that Davis was no longer serving a sentence of imprisonment, probation, or parole in the case. Davis filed a *pro se* response to the notice. On September 1, 2023, the PCRA court dismissed Davis' PCRA petition. On that same date, the PCRA court filed an opinion in which it explained that, since Davis finished serving his sentence in 2021, he was ineligible for relief under the PCRA pursuant to 42 Pa.C.S.A.

§ 9543(a)(1)(i). ***See*** PCRA Court Opinion, 9/1/23, at 2.[2] This timely appeal followed. The PCRA court did not require Davis to file a Pa.R.A.P. 1925(b) concise statement, and he did not do so. In lieu of authoring a Rule 1925(a) opinion, the PCRA court relied on its September 1, 2023 opinion.

Davis raises twenty-nine issues for our review. ***See*** Davis' Brief at 1-2 (unnumbered); ***see also*** Davis' Supplemental Brief at 1-2 (unnumbered). However, given our disposition, we need not identify them.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

---

[2] The PCRA court found that Davis completed his sentence on June 3, 2021. ***See*** PCRA Court Opinion, 9/1/23, at 1. Based on our review of the record, we determine that date to be September 20, 2021. ***See*** APPD Supervision Completion Letter, 2/8/22, at 1 (unnumbered). In either case, Davis finished serving his sentence before the adjudication of the instant petition.

The relevant requirements for PCRA eligibility in the instant case are as follows:

> **(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>>
>>> (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i); *see also Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-13 (Pa. Super. 2016) (holding a petitioner becomes ineligible for PCRA relief once he is no longer serving his sentence, regardless of whether he was serving it when the petition was filed, or he was appealing the PCRA court order); *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) (*quoting Commonwealth v. Hart*, 911 A.2d 939 (Pa. 2006) (noting "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition").

Our review of the record supports the PCRA court's determination that Davis was ineligible for PCRA relief. Davis' revocation sentence terminated on September 20, 2021. Accordingly, since Davis was no longer serving a sentence of imprisonment, probation, or parole, he was not eligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i). Thus, we affirm the order dismissing Davis' petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2024